## J. T. Petty v. Joseph Lang and H. L. Adams.

### No. 7029.

1. **Amendment Forbidden After Announcement for Trial.**—In view of the statute on the subject (Rev. Stats., art. 1192), reading, "the pleadings may be amended under leave of the court upon such terms as the court may prescribe before the parties announce ready for trial and not thereafter," a permission to amend after announcement of ready is error.

2. **Immaterial Error.**—An amendment was permitted after the trial began; the purpose was to permit an allegation by plaintiff showing a release of a levy made in another county upon a flock of sheep; attachment had run also in the county where the suit was filed, and had been levied upon the same with other property. There being no allegations in the plea by defendant in reconvention covering the levy in the other county the testimony to that fact was irrelevant. The amendment allowed for the purpose of avoiding the irrelevant testimony was immaterial.

3. **Attachment—Wrongful, Irregular.**—An attachment was levied upon personal property of the defendant. The property was sold by order of the judge and the proceeds were deposited with the district clerk. The attachment was quashed. The defendant reconvened for damages for the wrongful seizure. The court submitted the truth of the matter sworn to as grounds for the attachment as the only issue determining whether the attachment had been wrongfully sued out. This ruling approved, and the court properly refused a charge upon the effect of the order quashing the writ that the order was conclusive that the writ had been wrongfully issued.

4. **Same.**—If the remedy of attachment is resorted to when none of the grounds specified by the statute (Rev. Stats., art. 152) exist, the issuance and levy of the writ constitute a wrong for which the party procuring its issuance is liable in damages, as also his securities upon the attachment bond.

5. **Quashing Attachment Releases Property Seized.**—When the attachment was quashed the proceeds of the sale of the attached property then deposited with the clerk should have been restored to the defendant.

6. **Same.**—The judgment of the court applying the funds in the hands of the clerk as a credit upon the judgment in favor of plaintiffs was contrary to the law. It in effect held that the attachment was in full force and disregarded the order quashing, etc.

APPEAL from Mitchell. Tried below before Hon. Wm. Kennedy. The opinion states the case.

*J. D. Martin,* for appellant.—1. Pleadings may be amended before parties announce themselves ready for trial and not thereafter. Trial amendment may be granted when exceptions have been presented and sustained, which shall close the pleadings in the case. Rev. Stats., art. 1192.

2. The dissolution or vacation of an attachment releases all liens upon the property levied upon as well as upon the proceeds of the same; and the measure of the actual damages of defendant in an attachment vacated by the order of the court, whose property has been taken and converted in the attachment proceedings, is the return of the property or the market value of the same so appropriated at the time the levy is made. Rev. Stats., art. 182; Smith & Co. v. Whitfield, 67 Texas, 124.

3.   The court erred in refusing the charge that "the attachment issued in this cause has been dissolved, and you will in rendering your verdict consider the market value of the property on the day and date of the levy of said attachment as an element of actual damages, if you believe from the evidence that said property has not been restored to the defendant and that the same has been by reason of said attachment converted by plaintiffs to their own use." Rev. Stats., art. 182; Smith & Co. v. Whitfield, 67 Texas, 124.

4.   The judgment of the court was contrary to the law and the evidence in this, that he was not allowed his actual damages against plaintiffs to the extent of the value of his property converted by plaintiffs, as shown by the testimony.   Rev. Stats., art. 182; Smith & Co. v. Whitfield, 67 Texas, 124.

5.   When an attachment is dissolved the dissolution with all its consequences takes effect at once, and the only order the court can make with reference to the property levied upon under the writ is an order restoring it to defendant.   Smith & Co. v. Whitfield, 67 Texas, 124.

No brief for appellee reached the Reporter.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellees to recover from appellant the one-third part of a promissory note which the petition alleged had been executed jointly by plaintiffs and defendant to the Colorado National Bank and afterward paid by plaintiffs. Plaintiffs sued out writs of attachment, one of which was directed to the proper officers of Mitchell County and the other to Howard County. Both writs were levied.   The writ directed to Howard County was levied by the sheriff of that county upon 1500 head of sheep, but that levy was immediately released, and the sheep were then driven across the line into Mitchell County, or at least were shortly afterward found in that county.   The sheriff of Mitchell County levied the writ directed to him upon a flock of 1951 head of sheep, according to his return of the attachment, and by a subsequent levy thereof upon the 1500 head of sheep previously levied upon and released by the sheriff of Howard County.   The last named levy was made, however, while the sheep were in the custody of the sheriff of Mitchell County under a levy of an execution previously made upon them by him and subject to such levy.

Upon the petition of the plaintiffs in attachment the district judge in vacation ordered the sale of the entire 3451 head of sheep by the sheriff of Mitchell County, whose return was introduced in evidence showing that he had in obedience to the order of sale sold the 1951 head first levied upon to the plaintiffs in the suit for the sum of $600, which sum was paid into court to abide the result of the attachment.   The return of the sheriff showed that the 1500 head were not sold under said order of sale, but were sold under the prior levy of execution in

favor of other parties, and that the proceeds were appropriated to the execution.

The defendant filed a motion to quash the writ of attachment upon the ground that the affidavit for the writ was defective, and upon the hearing of the motion, subsequent to the above proceedings, the writ was quashed, without, however, making any disposition of the proceeds of the sale, which remained in the custody of the clerk of the court.

The defendant pleaded in reconvention for a judgment against the plaintiffs for damages, on the ground that the writ of attachment was wrongfully issued. The answer charged in general terms that a writ of attachment had been wrongfully sued out without alleging to what officer or county it was directed, and without specifying in any way the writ that was sent to Howard County. Without specifying of what county he was an officer, it charged that the sheriff seized under the writ 3451 head of defendant's sheep, and that "1951 head of said sheep have been disposed of under an order of sale sued out and obtained by plaintiffs, and were sold for the sum of $600 to the plaintiffs; * * * that all of said sheep and said wool on all of said sheep levied upon under the writ of attachment herein have been disposed of and sold under said writ of attachment and the same taken from defendant's possession under said writ of attachment, and can not be returned to defendant; that the same are no longer in the custody of the law under said writ or within control of this court, but by reason of said levy and seizure under said writ of attachment and said sale and disposition aforesaid have been converted by the plaintiffs to their own use."

The plaintiffs excepted to the answer, because it failed to charge "when such attachment was issued, when it was levied, or what sheriff levied it, and does not state where nor in what county it was levied." The exception was overruled.

During the trial the defendant read in evidence the return of the sheriff of Howard County of the writ of attachment issued to that county, which showed the levy upon 1500 head of sheep but did not show what disposition of them had been made, whereupon plaintiff offered a witness to prove that said levy had been released by their direction. This evidence was refused upon the objection made by defendant that "the plaintiffs had filed no supplemental petition confessing and avoiding the allegations of defendant's plea in reconvention that set up the return of said levy." The plaintiffs then, by leave of the court and over the objection of the defendant, filed what they termed a "trial amendment," alleging the release of the levy, and they were then permitted to prove it. The judge appended to the bill of exceptions allowed to defendant his explanation that he permitted the amendment to be filed after the introduction of the evidence had begun because he had overruled plaintiffs' exception to the pleading above re-

ferred to under the belief that only one writ of attachment had been issued.

In view of the statute on the subject (Rev. Stats., art. 1192), reading, "The pleadings may be amended under leave of the court upon such terms as the court may prescribe before the parties announce ready for trial, and not thereafter," the permission to amend was an error.

We do not think that the defendant had any pleading under which the return of the sheriff of Howard County was admissible. He had only alleged the issuance of and proceedings under one writ, and his allegations with regard to that one must be held, we think, to relate to the one that was directed to Mitchell County. Plaintiffs in their first supplemental petition fully responded to the allegations of the answer with regard to the issuance and proceedings under that writ, and if it could be held that there were any pleadings to authorize the defendant's evidence with regard to the levy of the Howard County writ we think the plaintiffs should have been allowed to prove its release under the pleadings as they stood. The proper course would have been to exclude the evidence introduced by the defendant on the issue. It is true that the introduction by one party of improper evidence without objection should not usually be held to be ground for the introduction by the other party of the same description of evidence over objections. In view of all the facts of this case we do not believe that the judgment should be reversed on account of the error referred to.

The court charged the jury that the first question to be determined was whether the attachment was wrongfully sued out, and that if they found it was not wrongfully sued out they should return a verdict in favor of plaintiffs for the amount of their demand, stating what it was. The court further charged as follows: "If you find from the evidence that on or before the 7th day of March, 1887, J. T. Petty had not disposed of any part of his property with intent to defraud his creditors, then and then only was the attachment wrongfully sued out."

The defendant requested the following charge, which was refused by the court: "The attachment issued in this cause has been dissolved, and you will in rendering your verdict consider the market value of the sheep on the day of the levy of said attachment as an element of actual damage, if you believe from the evidence that said property has not been restored to the defendant, and that the same has been by reason of said attachment converted by plaintiffs to their own use."

The jury found that the plaintiffs did not wrongfully sue out the writ of attachment and that they were entitled to a verdict for $1516.46. The court rendered judgment in favor of the plaintiffs for said sum and in favor of the defendant for the $600 proceeds of the sale of the attached property still in the custody of the clerk of the court, but directed that the clerk "enter said amount as a credit upon the foregoing

judgment and deliver said money to plaintiffs," and that plaintiffs have execution for the balance of their judgment.

The causes for which a writ of attachment may be rightfully sued out are defined by the statute. Rev. Stats., art. 152. If the remedy is resorted to when none of the grounds specified by the statute exist, the issuance and levy of the writ are a wrong for which the party procuring its issuance is liable in damages. In addition to such party's personal liability the statute provides that he shall give a bond with securities for the payment of such damages and costs as shall be adjudged against him for wrongfully suing out the attachment. Rev. Stats., art. 156. We do not think that the statute contemplates that the party who sues out the writ can be held responsible for any actual damages for resorting to it that his bond does not cover, and for which the sureties upon his bond are not equally responsible. The charge of the court made the wrongfulness of the attachment depend upon the existence of the cause stated in the affidavit as the ground of its being resorted to.

The contention of the appellant is that if from any cause, such as a defective affidavit, the attachment proceedings fail, such failure is conclusive of the wrongfulness of the issuance of the writ so as to give the party whose property has been seized a right of action for the loss or actual damage that has resulted to him from the proceedings, without regard to the truth or falsity of the ground upon which it was sued out. We are of the opinion that the view taken by the court of the question was the correct one. Drake on Attach., sec. 170a; Sharpe v. Hunter, 16 Ala., 767; Eaton v. Bartschener, 5 Neb., 469; Nockles v. Eggspieler, 47 Iowa, 400; Smith v. Story, 4 Humph., 169.

When the attachment was quashed the proceeds of the sale of the attached property then deposited with the clerk should have been restored to the defendant.

The judgment of the court directing the money to be paid to the plaintiffs and treated as a credit upon their judgment was contrary to the law and unauthorized by the verdict of the jury. It in effect treated the attachment as being still in full force and foreclosed it upon the attached property.

The judgment will be reversed in so much as it directs the proceeds of the sale of the attached property to be delivered to the plaintiffs and entered as a credit upon their judgment, and said money will be ordered to be paid to the defendant, and will be affirmed in all other respects.

*Reversed and reformed.*

Delivered May 27, 1891.