J. A. ROBERTSON AND H. R. BYARS, ADMINISTRATORS, V.
NATT HOLMAN, EXECUTOR.

Decided May 5, 1904.

**Note—Attorney Fees—Estoppel.**

Where the maker of a note stipulates for 10 per cent attorney fees in case the services of an attorney are required in collection, he is estopped from saying that such sum is unreasonable, in the absence of a showing of fraud or mistake in making the note or that the holder of the note actually secured the services of an attorney for less than the agreed 10 per cent. Estate of Dunovant, Deceased, v. R. E. Stafford & Co., 36 Texas Civ. App., —, followed.

Appeal from the District Court of Colorado. Tried below before Hon. M. Kennon.

*McCormick & Brown* and *Adkins & Green*, for appellant.

*W. S. Holman,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellee as executor of the estate of John T. Holman, deceased, against the appellants as administrators of the estate of William Dunovant, deceased, to establish a claim against said estate for the sum of $17,247.60 principal and interest due upon five promissory notes executed by said Dunovant in favor of said John T. Holman, and the further sum of $1724.76 attorney's fees as stipulated in said notes. Each of the notes sued upon contained a stipulation for the payment of "10 per cent attorney's fees if placed in the hands of an attorney for collection after maturity, or if collected through the probate court." The notes not having been paid at maturity, appellee after the death of William Dunovant placed them in the hands of his attorney for collection and agreed to pay said attorney 10 per cent upon the amount of the principal and interest due upon the notes as compensation for his services in collecting them. The attorney prepared and presented to appellants a claim against the estate of Dunovant for the principal and interest due upon the notes and the attorney's fees as therein provided for. The appellants allowed the claim for the amount of the principal and interest of the notes but refused to allow the claim for the 10 per cent attorney's fees, and in lieu thereof allowed the sum of $400. This allowance was not accepted by appellee and he brought this suit to establish the full amount of his claim.

The petition alleges and the evidence sustains the facts before set out. The appellants answered by general denial and by special pleas in which it is averred in substance that the attorney's fees claimed by appellee are exorbitant and unreasonable, and that the stipulation in said notes for the payment of 10 per cent attorney's fees was only intended as a contract indemnifying the holder of the notes against the reasonable cost of their collection; that the sum of $400 allowed by appellants as attorney's fees is a fair and reasonable compensation for

the services rendered by appellee's attorney, and that the contract made by appellee with said attorney for the payment of 10 per cent of the principal and interest due upon said notes as attorney's fees is unconscionable and unreasonable and should not be enforced against the estate of said Dunovant.

The cause was tried in the court below without a jury and judgment rendered in favor of appellee for the full amount of his claim, including the 10 per cent attorney's fees.

Appellee excepted in the court below to the appellants' answer, but no action seems to have been taken by the court upon said exception. Upon the trial appellants offered to prove that the amount of attorney's fees claimed by appellee was unreasonable, and that the amount allowed by appellants was a reasonable compensation for the services rendered and necessary to be rendered by appellee's attorney in the prosecution of appellee's claim. The trial court held that this evidence was immaterial and refused to hear it.

The only assignment of error in appellants' brief assails the ruling of the court in refusing to admit evidence of the unreasonableness of appellee's claim for attorney's fees. The question presented by this assignment has been passed upon by this court in the case of Estate of William Dunovant, Deceased, v. R. E. Stafford & Co., this day decided (36 Texas Civ. App., —), and we refer to the opinion in that case for our views upon the question.

In accordance with the views expressed in the opinion referred to the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.