KNOWLES v. GARY & BURNS CO.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 14, 1911. Rehearing Denied Nov. 18, 1911.)

1. ACCOUNT, ACTION ON (§ 12*)—ANSWER—VERIFICATION—NECESSITY.

Under Sayles' Ann. Civ. St. 1897, art. 1265, requiring verification of an answer, stating that a verified account sued on is not just, an answer denying the justness of certain items, but not denying under oath other items sued on, is equivalent to a confession of the justness of the undenied items.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 37; Dec. Dig. § 12.*]

2. ATTACHMENT (§ 366*)—GROUNDS—NONRESIDENTS.

Under Sayles' Ann. Civ. St. 1897, art. 186, prescribing grounds for attachment, the facts that defendant was justly indebted to plaintiffs for several hundred dollars, and was a nonresident of the state, show probable cause for suing out the writ, as against a counterclaim for damages for wrongful attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1339–1342; Dec. Dig. § 366.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

3. ATTACHMENT (§ 356*)—MALICE IN SUING OUT WRIT—LIABILITY.

One is not liable for maliciously suing out a lawful attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1319–1321; Dec. Dig. § 356.*]

Appeal from District Court, Midland County; S. J. Isaacks, Judge.

Action by Gary & Burns Company against R. B. Knowles. From the judgment, defendant appeals. Affirmed.

Jno. B. Howard and C. C. Gibbs, for appellant. Caldwell & Whitaker, for appellee.

DUNKLIN, J. In a suit by Gary & Burns Company against R. B. Knowles, upon a verified account for merchandise sold to the defendant, a writ of attachment was sued out and levied upon certain personal property belonging to Knowles. The defendant filed a counterclaim for damages, based upon an allegation that the writ had been sued out maliciously and without probable cause. Plaintiffs dismissed their suit, and the court having sustained a general demurrer to defendant's cross-action for damages, and the defendant having declined to amend, his suit was dismissed. From those orders, Knowles has prosecuted this appeal.

[1] The grounds alleged in the affidavit for attachment were that the defendant was justly indebted to the plaintiffs in the sum of $1,805.10, the amount claimed in plaintiffs' petition; and that the defendant was a nonresident of the state of Texas, and a resident of the territory of New Mexico. In his answer defendant pleaded certain credits upon the account, consisting of four payments, aggregating $934.13, and under oath denied the justness of four items charged in the account, aggregating $77.63, but filed no verified denial of any other items. By virtue of Sayles' Civil Statutes, art. 1265, the failure of defendant to deny under oath the other items in the account was tantamount to a confession that they were just. Shuford v. Chinski, 26 S. W. 141.

[2] The counterclaim for damages contained no specific denial of the allegation by plaintiffs that defendant was a nonresident of the state of Texas at the time the writ of attachment was sued out, and in his brief filed herein appellant states that he was a nonresident of Texas at that time. It thus appears that appellant was justly indebted to plaintiffs, at all events, in the sum of several hundred dollars, and that he was a nonresident of the state. These facts show conclusively that there was probable cause for suing out the writ. Sayles' Civ. Stat. art. 186.

The contention urged by appellant that he is entitled to all the privileges and immunities of citizens of Texas is sound, as a matter of course. But we know of no decisions giving to a citizen of this state a cause of action for damages under the facts above stated. The statute expressly gives the right to attach the property of a debtor living beyond the confines of this state. While the debtor lives in another state, in the absence of personal service on him in this state, our courts have no jurisdiction to render a personal judgment against him, and but for the statute, permitting a seizure of his property by attachment, there would be no power in our courts to subject it to the payment of debts.

[3] Appellant made no claim that the property levied upon was exempt from forced sale, nor that the levy was excessive. The only wrong complained of was that the writ was sued out and levied maliciously, and without probable cause. As the statute gave to plaintiffs the right to the seizure made, it was not wrongful, and defendant could claim no damages for the exercise of that legal right, even though in suing out the writ plaintiffs were actuated by a malicious intent. Petty v. Lang, 81 Tex. 238, 16 S. W. 999; Stiff v. Fisher, 85 Tex. 556, 22 S. W. 577; Johnson v. King, 64 Tex. 226; Holt v. Follett, 65 Tex. 550; Whitesell v. Study, 37 Ind. App. 429, 76 N. E. 1010; Culbertson v. Cabeen, 29 Tex. 255; Bear v. Marx, 63 Tex. 303.

We have found no error in the record, and the judgment is affirmed.