BAY LUMBER CO. v. ARTMAN & BUETT-
MER. (No. 5642.)

(Court of Civil Appeals of Texas. Austin. May 10, 1916. Rehearing Denied June 28, 1916.)

1. ACCOUNT, ACTION ON ⬦⟹12—ANSWER—ADMISSION.

Under the express provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, the defendant's failure to deny the justness of a verified account, or any item thereof, is equivalent to an admission of its correctness.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 37; Dec. Dig. ⬦⟹12.]

2. ACCOUNT, ACTION ON ⬦⟹12—RECOVERY.

Where defendant, in an action on a verified account, admitted its correctness and did not allege any payment thereof, plaintiff was entitled to recover.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 37; Dec. Dig. ⬦⟹12.]

Appeal from Lee County Court; John H. Tate, Judge.

Suit by the Bay Lumber Company against Artman & Buettmer with plea of set-off by defendants. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Carothers & Brown, of Houston, for appellant. E. Simmang, of Giddings, for appellees.

RICE, J. This suit was brought by appellant against appellees on a verified account to recover $535.60, the price of a carload of lumber sold and delivered to them by appellant on the 26th day of January, 1914. Appellees answered, failing to deny the correctness of the account or any part thereof, but pleaded that during their dealings with appellant it had made certain errors and mistakes in its account against them, which on two separate occasions were adjusted and settled by it with them, neither of which, however, was alleged to embrace the bill of lumber in question, which settlement they pleaded in accord and satisfaction of the differences between them. Appellees further alleged that they had an agreement with appellant, by which it obligated itself to sell them lumber at cost, plus freight charges and 10 per cent. profit, but that appellant had failed to sell them goods in accordance therewith, having made numerous overcharges against them to the extent of $500, which they plead in offset of appellant's demand. There was a jury trial, which resulted in a verdict and judgment in favor of appellees for $35, from which this appeal is prosecuted.

[1, 2] It is urged on the part of appellant that the judgment rendered against it is fundamentally erroneous in this, that it appears from the pleadings that appellant is entitled to judgment against appellees for the sum of $535.60; whereas, appellees under no construction of their pleadings were entitled to recover more than $500 from appellant. There being no denial of the justness of appellant's account or any item thereof, as required by article 3712, Vernon's Sayles' Civ. Stats., which was equivalent to an admission of its correctness (see, also, Knowles v. Gary & Burns, 141 S. W. 189; Shuford v. Chinski, 26 S. W. 141), and no payment thereof being alleged on the part of appellees, it was entitled to recover thereon; and in no event under the pleadings could appellees recover more than $500, the extent of their cross-action. Hence the judgment against appellant for $35 finds no support in the pleadings, and is fundamentally erroneous; for which reason the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.