### KIMBROUGH v. VACUUM OIL CO.
(No. 215.)

(Court of Civil Appeals of Texas. Eastland. June 18, 1926.)

1. **Account, action on** ⊕⟶12—**Defendant, who failed to answer under oath to sworn exhibit showing account sued on, may offer proof to support plea of limitation (Rev. St. 1925, art. 3736).**

In action for price of goods sold, defendant's failure to answer under oath to sworn exhibit showing account, though it precluded him from disputing items sued on, *held* not to authorize judgment for plaintiff on pleadings, notwithstanding Rev. St. 1925, art. 3736, but defendant could offer proof to support plea of limitations.

2. **Account, action on** ⊕⟶12—**Defendant may show payment or set up counterclaim, though he fails to answer under oath to sworn exhibit showing account sued on.**

Where plaintiff filed sworn exhibit showing account sued on, defendant's failure to file counter affidavit does not preclude him from showing payment or from setting up counterclaim.

Appeal from Scurry County Court; Horace Holley, Judge.

Action by the Vacuum Oil Company against L. O. Kimbrough and another. Judgment for plaintiff, and the defendant named appeals. Reversed and remanded.

Smith & Harris, of Snyder, for appellant.
Sentell & Sentell, of Snyder, for appellee.

RIDGELL, J. Appellee brought this suit against appellants L. O. Kimbrough and Bert Day in the county court of Scurry county, Tex., alleging that on or about February 11, 1922, and subsequent thereto plaintiff sold to appellant certain goods and merchandise as shown by verified affidavit attached to plaintiff's petition as an exhibit in the sum of $584.15. Plaintiff alleged in petition that the amounts for the various purchases were due in each instance 90 days from date of purchase; also claiming that the sales were made as merchant to merchant. The suit was filed August 22, 1924; the last item, as shown by account attached, being purchased on August 8, 1922. The appellant answered by general demurrer, general denial, and by plea of the two years' statute of limitation. When the case was called for trial, appellee made a motion for judgment in his favor because the pleadings of appellant were not sworn to, and therefore not entitled to be considered for any purpose. The court sustained the motion, and entered judgment against both the defendants for the full amount sued for without any testimony other than the sworn account attached to the petition. The appellant filed a motion for a new trial, which was overruled and by perfecting his appeal the matter is now before this court.

[1] As we view it, it is necessary to discuss only one assignment in disposing of this appeal. The appellant complains that the court erred in rendering judgment upon the pleadings of appellee and in refusing to permit appellant to introduce evidence in support of the plea of limitation.

No doubt, the trial court sustained the motion and entered judgment and refused to hear testimony in support of the plea of limitation because of the view of the court that the appellant, having failed to answer under oath to the sworn exhibit of appellee, was therefore barred from disputing the account, and also from establishing his plea of limitation. On the face of the exhibit, most of the items were barred by limitation unless appellee could sustain the allegation that the due date had been fixed 90 days from the date of purchase.

Article 3736, Revised Statutes 1925, pro-

---

⊕⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

vides in substance when an action or defense is founded upon open account supported by affidavit of the party to effect that such account is without the knowledge of affiant just and true and that it is due and that all just and lawful offsets, payments, and claims have been allowed, then same shall be taken as prima facie evidence unless the party resisting such claim shall before announcement of ready file written denial under oath stating that such account is not just or true in whole or in part, etc. This article further provides when he fails to file such affidavit, he shall not be permitted to deny the account or any item therein as the case may be.

[2] Where a party fails to comply with the statute referred to, when sued on a sworn account, it is the universal rule that he will not be permitted to object to the items. Green v. Hoppe (Tex. Civ. App.) 175 S. W. 1117; Bay Lumber Co. v. Artman & Buettmer (Tex. Civ. App.) 188 S. W. 279. However, the defendant's failure to file counter affidavit does not preclude him from showing payment, or from setting up counterclaim. Moore v. Powers, 16 Tex. Civ. App. 436, 41 S. W. 707; Bach v. Ginacchio, 1 White & W. Civ. Cas. Ct. App. § 1316.

The statute is plain that the failure to so comply merely cuts off the defendant from disputing the items sued upon, but it would not prevent appellant in this case from offering proof in support of his plea of limitation. The appellee could only sustain his account or most of same from being barred by the unsworn allegations of his petition.

The bill of exception shows that upon the trial the court entered judgment for appellee on the pleadings in the case without the taking of any testimony; the court refusing to consider the pleadings of appellant and denying appellant the right to introduce any testimony. By this course prejudicial error was committed and a valuable legal right denied.

It is therefore the judgment of this court that the judgment be reversed, and the cause remanded for a new trial.