## HAYES v. DAVIS. (No. 811.)

Court of Civil Appeals of Texas. Waco.
May 23, 1929.

Rehearing Denied June 13, 1929.

Collins & Martin, of Hillsboro, for appellant.

Wear, Stollenwerck & Wear, of Hillsboro, for appellee.

GALLAGHER, C. J. Appellant, R. V. Hayes, sued appellee, M. F. Davis, in the county court to recover the balance due on two promissory notes given to him by appellee. Appellant sued out a writ of attachment and caused the same to be levied on three mules. Two of the mules so levied upon, of the aggregate value of $300, were replevied by appellee. Isaac McBroom and Sam McDonald were sureties on the replevy bond. When the cause was called for trial, appellee presented a motion to quash the affidavit for attachment, which was sustained by the court. Appellant then introduced in evidence the notes sued on. The court rendered judgment thereon in his favor against appellee for the sum of $432.15. The judgment directed that the property levied on be restored to appellee and that Isaac McBroom and Sam McDonald, sureties on appellee's replevy bond, be discharged from further liability thereon. Appellant excepted to the judgment relieving said sureties of liability on said bond and gave notice of appeal to this court.

### Opinion.

Appellant presents in this court a single assignment of error, which is, in substance, that the court erred in not rendering a judgment in his favor against the sureties on appellee's replevy bond for the value of the replevied property. By an appropriate proposition thereunder, he contends that he was entitled to such judgment under the express provisions of article 303 of our Revised Statutes, notwithstanding his affidavit for attachment had been quashed. Said article was enacted in its present form in 1891 as an amendment of article 182 of our Revised Statutes of 1879, which read as follows: "Should the attachment be quashed or otherwise vacated, or should judgment be for the defendant, the court shall make the necessary order restoring the property to the defendant or discharging the claim or replevy bond, as the case may be." Under said article in its original form the court on quashing attachment process was required to make an order restoring the property to the defendant in attachment, or discharging the replevy bond if the property had been replevied. If the property had been sold as perishable, the proceeds of such sale were ordered turned over to the defendant in attachment in lieu of the property seized. Petty v. Lang, 81 Tex. 238, 242, 16 S. W. 999. Such order was not in either case subject to review on appeal. We quote from the opinion of our Supreme Court in Blum v. Addington, 9 S. W. 82, 83, as follows: "When an attachment is dissolved by an interlocutory order, the dissolution, with all its consequences, takes effect at once, and, as to personal property, puts the parties in the same position as if no attachment had issued. It is true that, if the writ be erroneously quashed, the rule may work a hardship upon the plaintiff therein. The reversal of the judgment can afford him no redress."

The defendant in attachment to whom the property was surrendered, or to whom the proceeds of the sale thereof were paid, was in no way restrained from disposing of such property or proceeds and placing the same beyond the reach of final process. Such was the situation in 1891, when said article was re-enacted by amendment in substantially its present form. We here quote the same in full and italicize the particular sentence thereof upon which appellant relies to sustain his contention: "If the attachment be quashed or otherwise vacated by interlocutory judgment or order of the court, the court shall make the proper order making disposition of the property, or the proceeds of the sale thereof, if the same has been sold under order of the court, directing that it be turned over to the defendant. The property or the proceeds of the sale thereof, if the same has not been replevied, shall remain in the hands of the officers pending the final disposition of the main case and until it shall be finally disposed of, or until the time for perfecting an appeal has elapsed and no appeal has been perfected, when said order disposing of the property shall be carried into effect. Pending the final disposition of the main case, the defendant shall have the right at any time to replevy the property in the same manner as is provided for in cases of replevy before judgment. If the property has been sold, he may replevy the proceeds of such sale by giv-

ing bond in double the amount of the money arising from such sale, with like conditions as when replevied before judgment. *Any replevy bond given in such case, whether before or after the quashing or vacating such attachment, shall be as valid and binding as if such attachment had never been quashed or vacated.*"

We are required by the terms of subdivision 6 of article 10 of our Revised Statutes, in interpreting the amended article under consideration, to look diligently for the intention of the Legislature and to keep in view at all times the old law, the evil, and the remedy. The old law has been hereinbefore quoted. The evil therein was the denial of the right to have an order quashing an attachment reviewed and reversed, if erroneous, on appeal. Clearly, the principal purpose of the amendment was to remedy this particular evil. The other provisions thereof are subsidiary and to prescribe procedure in keeping with such change. Said amended article, like the original, first provides that when an attachment is quashed or vacated by interlocutory order or judgment of the court, the court shall order the property, or the proceeds thereof if the same has been sold, turned over to the defendant. The legislative purpose to release property seized under an irregular or void attachment when such attachment is quashed is unmistakably manifested. Such order, however, does not become final and enforceable at once, as before the amendment of said article, but remains in abeyance and consequently subject to review and possible revision on appeal, until the judgment on the merits of the case becomes final. Such is the effect of the provision that notwithstanding said order restoring the property, or the proceeds thereof, to the defendant, such property or proceeds shall remain in the hands of the officer until the judgment rendered in the case shall become final. That the Legislature intended, when an attachment was quashed, that the property attached should be released and surrendered to the defendant as soon as the judgment becomes final, is not open to controversy. The Legislature, evidently recognizing that this substantial change in the law with reference to the time of the release or surrender of attached property to the defendant would result in depriving the defendant of the use of such property during the whole period of litigation, which in some instances at least might be protracted, provided that pending the final disposition of the case the defendant might still, notwithstanding the quashal of the attachment, replevy either the property or the proceeds in like manner as he could have done before judgment. The legislative intent and purpose in this additional provision is also unmistakable. It was intended for the benefit of the defendant in attachment and to ameliorate the provision requiring the officer to hold the attached property notwithstanding the quashal of the writ, until the final termination of the litigation. The amended article applies solely to cases where the attachment has been quashed. There remains for consideration only the last sentence of the amended article, upon which sentence appellant's whole contention is based. Said sentence is, in substance, that any replevy bond given in such case, whether before or after the quashing or vacating of an attachment, shall be as valid and binding as if such attachment had never been quashed. Said rather ambiguous declaration must be construed, if possible, in harmony with the preceding provisions of the amended article. By the terms of said amended article the court is required, in all cases where the attachment is quashed, to make an order directing that the attached property be released and turned over to the defendant. He has in such cases only to await the final termination of the case to receive such property, at which time his right thereto becomes absolute under the order of quashal, if the same is not set aside. We can hardly conceive that the Legislature contemplated that the defendant in any such case would desire or be willing to replevy such property or proceeds if he and his sureties became, by such action, absolutely liable to the plaintiff in attachment for the value thereof, notwithstanding the order of quashal awarding such property to him free of any claim on the part of the plaintiff in attachment should be affirmed on appeal, or become final by the failure of the plaintiff to prosecute an appeal from the final judgment rendered in the case. Some other application of the sentence under consideration was evidently contemplated.

The plaintiff in attachment acquires his lien upon the attached property by virtue of a strict compliance with the terms of the statute. When he fails to comply strictly with such terms his attachment is quashed, his lien falls and the attached property is released and restored to the defendant. According to the record in this case three mules were attached. Only two were replevied. The court, in pursuance of the provisions of the article under consideration, on quashing the attachment ordered the attached property (said remaining mule) returned to appellee. The quashal of the attachment vacated the lien acquired thereby on such mule. The right of a plaintiff in attachment to recover on a replevy bond is based on a valid levy on the property replevied by such bond. Having acquired by his levy a lien on the attached property and become entitled to a foreclosure of such lien, the law gives him, instead of such foreclosure, the right to a judgment on the replevy bond which the defendant has voluntarily substituted in lieu of the property. When the attachment is quashed the lien is vacated and cannot be foreclosed. Having no right to a foreclosure, he has no right to

a judgment on the replevy bond. This follows, not because of any inherent defect, vice, or invalidity in the bond, but because of the quashal of his attachment on which his right to a foreclosure of lien or a judgment on the bond was predicated.

The amended article nowhere in terms provides for a possible reversal of the order or judgment of the trial court quashing the attachment and the substitution therefor of an order declaring such attachment valid, yet the principal purpose of the amendment is evidently to preserve the rights of the attaching creditor in such a contingency. In such event, if the property has not been replevied but remains in the hands of the officer, an order foreclosing the attachment lien must necessarily by the terms of the statute follow the reversing of the order of quashal, or, if the property has been replevied either before or after the order of quashal, a judgment on the replevy bond for the amount of the plaintiff's debt or the value of the property replevied, as the case may be, must necessarily follow. In such contingency (and in such contingency only) the replevy bond, whether given before or after the quashal of the attachment, is as valid and binding as if the attachment had never been quashed. This construction is consistent not only with the provisions of said particular article, but with the provisions of our attachment statutes as a whole. It is also in harmony with the holding of our Supreme Court on this identical issue in the case of Kildare Lumber Co. v. Atlanta Bank, 91 Tex. 95, 103, 104, 41 S. W. 64. It is also in harmony with the holdings of our courts denying recovery on replevy bonds given in sequestration, garnishment, and distress proceedings when such proceedings have been quashed. Mitchell v. Bloom, 91 Tex. 634, 636, 637, 45 S. W. 558; Sullivan & Co. v. King (Tex. Civ. App.) 80 S. W. 1048, 1049, 1050; Jackson v. Corley, 30 Tex. Civ. App. 417, 70 S. W. 570, 572. Appellant cites but one case in support of his contention, which is Calvert v. Bennett (Tex. Civ. App.) 286 S. W. 303, 304. The attachment in that case was never quashed and the particular question here under consideration was not involved.

The judgment of the trial court is affirmed.