## CARNEY et al. v. STANLEY. (No. 3772.)

Court of Civil Appeals of Texas. Texarkana.
Dec. 19, 1929.

Carney & Carney, of Atlanta, for appellants.

S. I. Cornett, of Linden, for appellee.

WILLSON, C. J. In this suit by appellee Stanley against one Will Perkins (on a promissory note), a writ of attachment sued out by the former was levied upon a motortruck belonging to the latter, who replevied same in the way provided by the statute (article 292, R. S. 1925), giving a bond with appellants Carney and Allen as his sureties. Afterwards the writ of attachment was quashed by the court because it was issued without an affidavit to support it as required by the statute. Articles 275 and 276, R. S. 1925. On a trial before the court without a jury judgment was rendered in appellee's favor against Perkins, and also against appellants as the sureties on said bond, for the amount of the note and costs.

The writ of attachment having been quashed as stated, appellants insisted in the court below that they were not liable on the replevin bond, and insist here that said court erred when he determined to the contrary and rendered judgment against them, citing Kildare Lumber Co. v. Atlanta Bank, 91 Tex. 95, 41 S. W. 64, 68, as a case supporting their contention.

In that case it was held that the plaintiff bank was not entitled to the writ of attachment it had procured and had levied upon property of the lumber company. Overruling the contention of the bank that it nevertheless had a right to have the judgment it had obtained against the sureties on the attachment bond affirmed, because of the provision in the statute (article 303, R. S. 1925) that "any replevy bond given in such case, whether before or after the quashing or vacating such attachment, shall be as valid and binding as if such attachment had never been quashed or vacated," the Supreme Court said: "A writ of attachment issued without authority of law is not 'valid and binding' as against a defendant who moves to vacate it. Nor is a replevy bond any more binding than the attachment itself. 'As valid and binding' does not mean 'more valid and binding.' If the legislature had intended to provide that, whenever property attached shall be replevied by the defendant, the bond shall be valid, although the writ was unlawfully issued, it seems to us that they would have expressed that intention in plainer words; and, in the absence of language clearly evincing such a purpose, we should be reluctant to hold that it was intended to secure to a plaintiff who had abused the process of the court an advantage which had been obtained by his own wrong."

A like ruling was made by the Court of Civil Appeals in Hayes v. Davis, 18 S.W.(2d) 704, 706, where it was said: "The right of a plaintiff in attachment to recover on a replevy bond is based on a valid levy on the property replevied by such bond. Having acquired by his levy a lien on the attached property and become entitled to a foreclosure of such lien, the law gives him, instead of such foreclosure, the right to a judgment on the replevy bond which the defendant has voluntarily substituted in lieu of the property. When the attachment is quashed the lien is vacated and cannot be foreclosed. Having no right to a foreclosure, he has no right to a judgment on the replevy bond. This follows, not because of any inherent defect, vice, or invalidity in the bond, but because of the quashal of his attachment on which his right to a foreclosure of lien or a judgment on the bond was predicated."

Appellee cites Calvert v. Bennett, 286 S. W. 305, 304, decided by the Amarillo Court of Civil Appeals, as a case supporting his view. In that case the sufficiency of the attachment bond was questioned for the first time in the appellate court. It was held the objection then made came too late, but the court said: "Even if the attachment proceedings had been quashed by the trial court, it would not have affected the validity of the replevy bond, nor the appellants' liability upon it. R. S. 1925, art. 303. Judgment was rendered against the defendants in attachment, and it was proper to render judgment against the sureties on the replevy bond." It will be noted the question presented here was not before the court for decision in said Calvert-Bennett Case. But if it had been, and if what the court said should not be treated as dictum, we would follow the rulings instead made in the Bank and Davis Cases, because

we think they correctly interpret the meaning of the statute in question.

It follows we think the judgment should be reversed so far as it is against appellants, and that judgment in their favor should be rendered here. An order accordingly will be made. The judgment will not be disturbed, so far as it is in appellee's favor against the defendant Perkins.