In March, 1926, the Hallman Electric Company, of San Benito, purchased a bill of goods from the Southern Equipment Company, of San Antonio, upon a written order which embraced the following provisions:
"I (or we) hereby agree to pay you for the above order at your office in San Antonio, Bexar County, Texas, as well as for all goods heretoforeor thereafter bought or ordered from you, together with eight per cent per annum interest from maturity of bills and ten per cent attorney's fees if placed in the hands of an attorney for collection or collected through judicial, probate or bankruptcy proceedings. Subject to our approval; past due accounts to be settled by notes if desired by you."
The bill for this order was paid by the purchaser. After an interval of some months, in March and April, 1927, the electric company purchased other goods from the equipment company, upon open account and without express reference to the previous written order or its above-quoted provisions. The electric company defaulted in the payment of these purchases, and the equipment company brought this suit and recovered of the electric company thereon. The latter has appealed.
Appellee pleaded, and recovered upon the theory, that, while the account sued on was an open account within the contemplation of article 3736, Rev.St., it was nevertheless made and allowed under and by virtue of the written order of March, 1926, and that therefore appellee was entitled to recover 8 per cent. interest and 10 per cent. attorney's fees on the 1927 account, as provided in that written order.
In its first proposition appellant complains of the admission in evidence, over its objections, of the written order of March, 1926, and the attached itemized statement of the account sold appellant under that order at the time it was made, and which was shown to have been settled in accordance with its terms. It is contended that this order and statement were immaterial and irrelevant to this suit on open account for goods subsequently sold to appellant; that the written agreement relating to the original order and account bore no relation to the account sued on. We sustain this proposition. The record shows no relation between the written order made in March, 1926, and the open account made a year later.
In its second proposition, appellant complains of the action of the trial court in rendering judgment in favor of appellee for 8 per cent. interest and 10 per cent. attorney's fees on the account sued on. We sustain this proposition. The two transactions being separate and distinct, and occurring at different times and under different conditions, the written obligation of appellant to pay interest and attorney's fees in default of payment of the original account could not be extended, by implication from its provisions, to another order made a year later on open account.
Appellee specially pleaded the open account, and attached to such pleadings an itemized statement of that account, verified as provided in article 3736. Appellant did not contest this account by verified pleadings, also required in said article, and, by introducing the verified account, appellee made its case for the amount of the account, with 6 per cent. interest from January 1, 1928, for which judgment will be here rendered.
By way of cross-action, appellant sought to offset the account by a claim for damages for breach of its alleged contract of exclusive agency for appellee. This matter was submitted to the jury, who found against appellant, upon sufficient evidence.
The judgment of the trial court will be here reformed so as to decree recovery in favor of appellee against appellant for the sum of $669.09, with 6 per cent. interest thereon from January 1, 1928, and all costs of suit incurred in the trial court, and, as so reformed, and in all other respects, the judgment is affirmed. The costs of appeal will be taxed against appellee.
Reformed and affirmed.