### TAYLOR et al. v. WHITEHEAD.
### No. 7932.

Court of Civil Appeals of Texas. Austin.
Nov. 29, 1933.

Rehearing Denied Dec. 13, 1933.

Adkins & Adkins, of Brady, for appellants.

Shropshire & Sanders, of Brady, for appellee.

BAUGH, Justice.

Though the record presented in this case is defective in several respects, it is sufficient to show the following:

Suit was filed originally by Whitehead in the proper justice court of McCulloch county against Mrs. Dot Taylor and husband upon a debt of $75, and to foreclose a verbal mortgage lien on a Chrysler automobile. Attachment was issued out of said court and said automobile seized by the sheriff. Thereupon Mrs. Taylor replevied said car, and Evans J. and W. H. Adkins, her attorneys, signed her replevy bond as sureties. Upon motion made in said court the attachment proceedings were quashed and the justice court rendered judgment that plaintiff take nothing. Thereupon Whitehead appealed to the county court. The case was there tried to a jury, and the only issue submitted, which is pertinent here, was the value of said automobile, which the jury found to be $225.

 Pleadings in both the justice and county courts were oral, and were not entered upon the docket, and there is nothing in the record except the findings of fact of the county court to disclose what these pleadings were. The county court appears not to have adjudicated the validity of the attachment proceedings, but rendered judgment in favor of Whitehead against Mrs. Taylor for the $75 debt, and against Evans J. and W. H. Adkins as sureties on her replevy bond. It is not controverted that there were no allegations, oral or otherwise, in the justice court as to the value of the property upon which the plaintiff sought to foreclose his mortgage lien. The first contention here made is that for this reason the justice court had no jurisdiction, and that consequently none obtained in the county court.

This contention must be sustained. It is now well settled that in such cases it is essential to plead the value of the property on which the lien is sought to be foreclosed, to determine whether or not the court has jurisdiction. Under the jury findings in this case it is clear that the justice court had no jurisdiction of the matter. Wilkerson v. Huddleston (Tex. Civ. App.) 258 S. W. 884, and cases there cited; 26 Tex. Jur. 819. The proper order for the county court to have

entered therefore was to have dismissed the case. Since the justice court had no jurisdiction originally, the county court acquired none on appeal. Childress Oil Co. v. Wood, 111 Tex. 165, 230 S. W. 143; 25 Tex. Jur., 876.

In no event could the county court render a judgment against the sureties on the replevy bond under the facts disclosed. It clearly appears that the attachment issued out of the justice court was defective in several respects and was properly quashed. After the attachment proceedings were quashed because invalid, it necessarily followed that the liability of the sureties on the replevy bond must fall under the uncontroverted facts in this case. Hayes v. Davis (Tex. Civ. App.) 18 S.W.(2d) 704, 705; Carney v. Stanley (Tex. Civ. App.) 23 S.W.(2d) 770.

This, however, becomes immaterial under our conclusion that the justice court was without jurisdiction of the controversy in any event.

For the reasons stated, the judgment of the trial court is reversed, and the cause ordered dismissed, without prejudice to the plaintiff's rights to prosecute proper suit in a court of competent jurisdiction.

Reversed, and cause ordered dismissed, without prejudice.