# YELTON v. BIRD LIME & CEMENT CO.

## No. 11085.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 18, 1942.

Rehearing Denied April 1, 1942.

Further Rehearing Denied April 29, 1942.

Emmett B. Cocke, of San Antonio, for appellant.

Clarence Boatwright, of San Antonio, for appellee.

SMITH, Chief Justice.

Appellee, Bird Lime & Cement Company, brought this action against appellant, Ruth C. Yelton, a feme sole, on open account, duly verified, for $159.46, and to foreclose a materialman's lien upon certain real property belonging to appellant, upon which the material was admittedly placed. Appellee alleged that appellant purchased the goods directly for herself, or, in the alternative, that one Behrens purchased it as her agent and placed it in said improvements. Appellee also prayed for attorney's fees.

In her answer, which was not sworn to, appellant, as stated in her brief, "denied all the allegations in said petition, and alleged that about July, 1938, she entered into a contract with Fred L. Behrens to make improvements on her property, and agreed to pay him $705.00 to cover all material and labor, and all of which and more she paid to get her work done. Appellant also reconvened for damages alleging appellee had libeled and slandered the title to her property by filing a statutory account and affidavit, and seeking its foreclosure, and had damaged her in her vocation, trade and business as a dealer in and owner of real estate and as a real estate, insurance, and rental agent and her established good name and reputation for paying her debts, not only by said effort to fix a lien, but by representing to others appellant would not pay her debts and having such third persons make the same charges, and representations to others."

Upon the trial the court sustained appellee's plea in abatement to appellant's cross-action for damages sounding in tort, and directed the jury to return a verdict for appellee for the amount of its open account, plus attorney's fees, leaving the cross-action on the docket for further proceedings. Ruth C. Yelton has appealed.

Appellee demurred, generally and specially, to appellant's answer and cross-

action, but invoked no ruling on the demurrers, thereby waiving them.

But, as stated, appellee filed a separate plea in abatement to appellant's cross-action upon the ground that it was in effect an attempted counterclaim and set-off of a simple suit on open account and to establish the materialman's lien based on said account, with an action sounding wholly in tort, to-wit: for damages for libel of person and slander of title, "which did not arise out of appellee's cause of action nor was same connected therewith nor incident thereto." The trial court sustained the plea in abatement, but, without dismissing it, left appellant's cross-action pending on the docket for further proceedings thereon.

■ The trial court did not err in sustaining appellee's plea in abatement to appellant's cross-action. The allegation that appellee placed its account and claim with its attorney, for the purpose of enforcing collection thereof, did not state a cause of action for libel, for obvious reasons. Nor was the alleged action of appellee in having its sworn account recorded in the appropriate record, for the purpose of fixing a materialman's lien, libelous; that was a proceeding prescribed by statute and justified in this case, even under appellant's own pleadings. There remained in appellant's cross-action, then, only her claim of libel by reason of the alleged acts of appellee in its efforts to effect collection of the account, which, if actionable, sounds wholly in tort. Such a cause of action cannot be asserted as a cross-action or set-off or counterclaim in a suit on open account. Art. 2017, R.S.1925; Pittman v. Keith, Tex. Civ.App., 24 S.W. 88; Felker v. Gulf Coast Orchards Co., Tex.Civ.App., 81 S.W.2d 1044. We overrule appellant's first point.

■ As stated, appellant did not in her pleadings deny under oath that appellee's sworn account was not, in whole or in any part, just or true, in accordance with Art. 3736, R.S.1925, as amended by Acts of 1931, 42d Leg. p. 393, Ch. 239, Vernon's Ann.Civ.St. art. 3736, in which it is provided that when the defendant in such case "fails to file such affidavit, he shall not be permitted to deny the account, or any item therein as the case may be." In the course of the trial appellant offered to show that, although it seems to have been conceded that the materials charged in the open account were incorporated into improvements upon appellant's premises, she did not in person purchase them; that they were actually purchased, if at all, without her authority, by the contractor employed by her to construct the improvements. In this connection she offered, and the court excluded, the written contract between her contractor and herself. The court excluded all this testimony on the objection, among others, that having failed to deny appellee's account under oath, as provided in Art. 3736, appellant could not avoid liability by making the proof which she offered in the excluded testimony. We conclude after further consideration on rehearing that the court did not err in excluding the proffered testimony under the prohibition in Art. 3736.

■ It seems to be well settled that while a defendant, in the absence of a sworn denial of the account as provided in Art. 3736, may prove that the account has been paid, or that it is barred by limitation, or matters of confession and avoidance, or set up a proper counterclaim, yet he cannot by testimony show that the account is not just or true or lawfully chargeable to him. For such defenses may be proven only in pursuance of the sworn denial provided by Art. 3736. Hallman Electric Co. v. Southern Equipment Co., Tex.Civ.App., 24 S.W.2d 443; Crenshaw v. Home Lumber Co., Tex.Civ.App., 296 S.W. 342; Wood v. Kieschbaum, Tex.Civ.App., 31 S.W. 326; Bay Lumber Co. v. Artman & Buettmer, Tex.Civ.App., 188 S.W. 279; McConnon v. Klenk, Tex.Civ.App., 11 S. W.2d 222; Radford Grocery Co. v. Porter, Tex.Civ.App., 17 S.W.2d 145.

Appellee's motion for rehearing will be granted, the former order of reversal will be set aside and the judgment affirmed. This opinion will be substituted for the original now withdrawn.