**The FIRST NATIONAL BANK OF SAN ANGELO, Appellant,**

v.

**Buford SHEFFIELD, Appellee.**

No. 11873.

Court of Civil Appeals of Texas, Austin.

Jan. 12, 1972.

Rehearing Denied Feb. 2, 1972.

Wilson, Logan, Lear & Massey, Richard Edwards, San Angelo, for appellant.

Aubrey Davee, Brady, for appellee.

SHANNON, Justice.

Appellant, The First National Bank of San Angelo, assignee of Bill Taylor, sued appellee, Buford Sheffield, on a sworn account to recover $513.00 which represented charges for hauling cattle from Brady to Corsicana. Upon trial to the court, judgment was entered that appellant take nothing.

In answer to appellant's sworn petition, appellee pleaded, among other things, that the debt was not his, but rather was that of C. D. Wyche who had bought the cattle from appellee. Appellee pleaded, in this connection, that he had arranged with Taylor to haul the cattle at Wyche's cost. Wyche was not a party to the suit.

Appellee in his answer did not deny under oath that the items in the sworn account were "just or true" pursuant to Rule 185, Texas Rules of Civil Procedure. In response to appellee's answer, appellant filed special exception number one which pointed out in effect that appellee's unsworn answer did not comply with Rule 185. The court overruled the special exception, and after a trial on the merits, judgment was rendered for appellee. The order overruling special exception number

one is the basis for appellant's single point of error.

The narrow issue is whether appellee's unsworn answer is sufficient to support the judgment.

■ While some defenses against a sworn account may be proved in the absence of a sworn denial,[1] the defense that the account was wrongfully charged against the defendant, and that he did not owe it, may not be proved in the absence of a sworn denial. Yelton v. Bird Lime & Cement Co., 161 S.W.2d 353 (Tex.Civ.App. 1942, writ ref. w.o.m.), cf. Collins v. Kent-Coffey Mfg. Co., 380 S.W.2d 59 (Tex.Civ.App. 1964, writ ref'd), but see for *contra dictum*, Hood v. Robertson, 33 S.W.2d 882 (Tex.Civ.App. 1930, no writ).

■ Appellee contends that since appellant was not a party to the original transaction between Bill Taylor and him, appellant may not recover on the sworn account. Appellee's contention is untenable. Appellant pleaded that it was the assignee of Bill Taylor. Open accounts have long been held to be subject to oral or written assignments, and an assignee may sue in his own name. Rollison v. Hope, 18 Tex. 446 (1857). Upon trial the assignee, of course, must prove the assignment. Carpenter v. Historical Pub. Co., 24 S.W. 685 (Tex.Civ.App. 1894, no writ). Appellee has not cited authority to this Court, nor have we been able to discover authority, to the effect that an assignee may not recover upon the sworn account of his assignor.

The judgment is reversed and the cause is remanded with the instruction that appellant's special exception number one be granted, and that appellee be permitted to amend his answer in conformance with Rule 185.

Reversed and remanded with instruction.

1. For example:
   accord and satisfaction
   Goddard Mach. Co. v. Industrial Equipment Repairs, Inc., 351 S.W.2d 371 (Tex.Civ.App., 1961, no writ).
   Statute of Limitations
   Kimbrough v. Vacuum Oil Co., 289 S.W. 151 (Tex.Civ.App. 1926, no writ).
   Contract violative of antitrust law
   McConnon & Co. v. Klenk, 11 S.W.2d 222 (Tex.Civ.App.1928, no writ).