Roland H. GUAY, Appellant,

v.

SCHNEIDER, BERNET & HICKMAN, INC.,
Appellee.

No. 3808.

Court of Civil Appeals of Texas.

Waco.

Dec. 1, 1960.

Rehearing Denied Dec. 19, 1960.

Vance Dunnam, Waco, for appellant.

Phil Teeling, Waco, for appellee.

WILSON, Justice.

Appeal from summary judgment. Appellee, an investment broker, alleged appellant established a margin account and ordered it to make a "short" sale of securities; that after the sale was made by appellee as his broker, appellant delivered his check to meet margin requirements; that the check was dishonored by the bank, and upon appellant's failure to make payment after notice, the account was liquidated by the purchase of securities at a higher price for ap-

pellant's account. The suit was for the balance. These itemized transactions were embodied in a verified account in statutory form attached to the petition, upon which appellee prayed for attorney's fees under Art. 2226, Vernon's Ann.Tex.Stats. Since appellant's answer denying justness of the account was verified only "to the best of my knowledge and belief", appellee's motion for summary judgment on the account was sustained. After the hearing of evidence, judgment was also rendered for attorney's fees.

Appellant says this action is not properly brought as a suit on a sworn account under Rule 185, Texas Rules of Civil Procedure; and neither summary judgment nor recovery of attorney's fees was authorized, despite any insufficiency of verification.

Attorney's fees are not recoverable in this action under the rule announced in Meaders v. Biskamp, Tex.Sup., 316 S.W.2d 75, 78, restricting recovery of attorney's fees on sworn accounts to "transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties)". The Supreme Court there held a sworn account, as referred to in Art. 2226, "does not mean transactions between [the] parties resting upon special contract." The transactions here do "rest in special contract," and lack the element of sale and purchase whereby "title to personal property passes from one to the other."

The margin transaction involved the deposit of funds by the principal to protect the stockbroker against loss in buying and selling for the principal. A "short" sale involved the sale by the broker of stock which the principal did not possess at the time of sale, but which he was obligated to acquire by delivery date. It did not con-

template the principal would actually deliver stock to the purchaser. The broker was to perform this function by borrowing the securities or furnishing his own. The margin was for his protection in case of a rise in market price. If the principal repudiated the short sale, or failed to meet margin requirements, the broker could buy at the market price—even though higher—to cover the account. 15 U.S.C.A. § 78g; 12 C.J.S. Brokers § 33, pp. 85, 89; 8 Am. Jur., Sec. 112, p. 850.

Appellee does not sue for personal service rendered. The title to no personal property passed from appellant to appellee. At no time did the latter have any title to pass. The debt alleged rests solely "upon special contract" under the Biskamp rule.

Under Rule 185, however, summary judgment was proper as to the verified account. That rule does not deal with attorney's fees. It is a rule of evidence, as the Biskamp case points out, and not one of substantive law. The predecessor statute was amended after the rule in McCamant v. Batsell, 59 Tex. 363 (quoted in the Biskamp case) was announced, to include an action founded upon "any claim for a liquidated money demand based upon [a] written contract or founded on business dealings between the parties * * *" Since appellee's claim, supported by the statutory affidavit, was unchallenged in the manner required by Rule 185, it was "taken as prima facie evidence" of the claim, appellant was "not permitted to deny the claim," and summary judgment was properly rendered under Rule 166–A. Yelton v. Bird Lime & Cement Co., Tex.Civ.App., 161 S.W.2d 353, Syl. 5, writ ref.; Spinks v. Matthews, 80 Tex. 373, 15 S.W. 1101; 2 Tex.Jur.2d, Sec. 23, p. 416.

The judgment of the trial court is reformed so as to exclude therefrom the recovery of attorney's fees, and as so reformed, is affirmed. Costs on appeal are taxed one-fourth to appellee and three-fourths to appellant.