FORD MOTOR COMPANY, Appellant,

v.

DAVIS BROTHERS, INC., Appellee.

No. 3802.

Court of Civil Appeals of Texas.

Eastland.

June 28, 1963.

Rehearing Denied July 19, 1963.

Leachman, Gardere, Akin & Porter, Edward E. Crowell, Jr., Dallas, for appellant.

Leake, Henry, Golden, Burrow & Potts, Hawkins Golden, Dallas, for appellee.

COLLINGS, Justice.

Davis Brothers, Inc., brought this suit against Ford Motor Company. Plaintiff alleged that it had a contract with defendant to do certain painting work for an agreed price of $27,000.00; that after plaintiff made preparations to do the entire job and had completed a portion of the work, the parties entered into a new agreement whereby plaintiff agreed to a termination of the original painting contract in consideration of which defendant agreed to pay plaintiff its cost incurred thereon and its anticipated profits; that defendant failed and refused to pay as agreed. Plaintiff asserted that by reason of the facts alleged it was entitled to recover upon its sworn account and for

reasonable attorney's fees pursuant to Art. 2226, Vernon's Ann.Tex.Civ.St. or, in the alternative, the reasonable value of the services performed and labor and material furnished on the basis of quantum meruit.

The case was tried before a jury which found (1) that appellant's employees agreed to pay plaintiff for the work done and expense incurred in connection with the paint job in consideration of plaintiff surrendering his rights under the original contract; (3) that appellant's employees had apparent authority to make such agreement; (4) that $3,000.00 would reasonably and fairly compensate plaintiff for services performed and expense incurred in connection with the paint job up to the time of making the agreement, and (6) that $900.00 would be reasonable as attorney's fees for services rendered by plaintiff's attorney. Judgment was entered for plaintiff against the defendant on the verdict in the sum of $3,900.00. Ford Motor Company has appealed.

Appellant, Ford Motor Company, urges points contending that there was no evidence to support the submission of special issue No. 1 or the answer of the jury thereto; that the court erred in overruling appellant's motion for an instructed verdict; that the answer to special issue No. 1 was against the great weight and preponderance of the evidence, and that the court erred in submitting special issue No. 1 because it did not restrict the jury's consideration to a purported agreement with any particular employee but left the jury free to speculate. These points are overruled.

Appellee, Davis Brothers, Inc., is a paint contracting firm and it is undisputed that it entered into a contract with Ford Motor Company to do certain painting at its Dallas Assembly Plant. The contract contemplated some spray painting. It was shown that appellee began making arrangements for equipment, workmen and materials to do the job, including a special kind and texture of paint, drop cloths,

the purchase of spraying equipment and the renting of scaffolding and other extra equipment. Appellee started the job and its employees worked one night spray painting the portion of appellant's plant used as its Lincoln car garage. After the nights work it was apparent that there had been a considerable amount of paint "fall out" and Mr. Guard of appellant's Dallas plant contacted Mr. J. C. Davis, President of appellee company, and complained. He requested Davis to visit the premises and discuss the matter, and a discussion ensued between Mr. Davis for appellee and Mr. Guard, Mr. James F. Black, appellant's General Plant Engineer and Mr. Parker Howe, the Plant Engineer for Ford Motor Company. Davis admitted that there was a considerable amount of paint "fall out" and that it was one of the worst messes he had seen in a long time. He further testified, however, that the excessive paint fall out resulted because the spray guns were new and not properly adjusted; that he advised appellant's representatives that upon proper adjustment there would be no reoccurrence of such fall out; that the spray guns were thereafter adjusted and successfully used on other jobs without excessive paint fall out; that the fall out was not of such a nature that it could not be cleaned up so that the final result would be a good and workmanlike job; that in fact appellee did satisfactorily clean up the paint from appellant's floor by washing it with naptha or benzene. Davis testified that he had not been unduly worried about what happened; that he informed appellant's representatives that he would like to go ahead with the job; that he had been doing work like that for thirty years and occasionally somebody would get a gun out of adjustment but that such a situation could be remedied; that what happened was an accident and there was never any reason to be greatly concerned. Davis testified that he told appellant's employees that the job could go ahead and be completed on time. Davis further testified that appellant's representatives wouldn't listen to him; that they wanted him to

cease work and insistently requested that the contract be discontinued. In this connection appellant's employee and representative, Howe, stated that Ford would not permit Davis to continue the spraying. Davis testified that because of the request of appellant's representative Black that no more work be done on the contract, he, Davis agreed to give up the job if he were paid for all the expenses he had been out and the work that he had done up to that time; that Black agreed that he would pay appellee all such expenses and for such work and that Davis agreed to surrender the right of appellee to continue under the contract. Davis testified that Black instructed him to make out a bill and go to Mr. Fitz, who was appellant's treasurer or comptroller at the plant, and said: "We will send you a check"; that as he understood it the bill to be prepared was to cover the amount of work he had done plus the expenses incurred in starting the job; that the bill prepared by him included items of $750.00 and $225.00 which represented the labor and material for the work done; that other items were for expense incurred. Davis testified that he relied on Black's statement and took his equipment off of the job; that he then submitted his bill to Fitz as agreed but that appellant failed and refused to pay.

Appellant admits that the parties negotiated concerning a discontinuation of the painting contract and that appellee did leave the job, but contend that the negotiations did not result in the new contract claimed and relied upon by appellee; that there is no evidence that such a contract was entered into. As basis of, and authority for, its position appellant relies upon the principle of law set out in Restatement of the Law of Contracts, Section 32, that:

"An offer must be so definite in its terms, or require such definite terms in acceptance, that the promises and performances to be rendered by each party are to be reasonably certain."

Appellant contends that there was no discussion by the parties of any specific amount to be paid by appellant or any standard for arriving at the amount of any such payment and, therefore, neither the offer nor the acceptance were definite and no contract could result from the negotiations. We cannot agree with this contention. In our opinion the evidence supports the conclusion that Davis agreed to surrender his right to continue the contract in consideration of appellant's agreement through Black to pay for the work done and expenses incurred in connection with the paint job. The evidence also supports the finding that appellant's employees had apparent authority to make the agreement. It is true that Davis admits there was no discussion of the specific amount of money to be paid but it is not true that the evidence fails to show an agreement concerning a standard for arriving at the amount to be paid, which was capable of being made certain. The testimony of Davis is that appellant's representatives promised to pay appellee all expenses "incurred in connection with the paint job;" that the substance of the agreement was that he was to be paid his expenses in getting the job started and the work he had done up to that time. Appellee's pleading of a new contract made no mention of an agreement to pay for work done, but special issue number one inquired concerning such an agreement and the issue was not objected to because of the lack of pleading. In such a case there may be a trial of the issue by consent. The question then is whether the evidence supports the submission of the issue. There was evidence that such an agreement was made and the evidence is not so uncertain concerning appellant's obligation under the new contract as to prevent a meeting of the minds of the parties. The evidence shows a valid and enforcible contract. As stated in 17 C. J.S. Contracts § 36(2), p. 657, "[A]bsolute certainty is not required. That is certain which may be rendered certain." It is

indicated that a contract "[is] sufficiently certain in that the acts which make up performance are expressed definitely enough to permit the court to tell whether or not the promisor has fulfilled them", even though the damages for failure to perform may not be susceptible of measurement. Thus, if the provisions of the contract concerning appellant's agreement to pay are capable of being made certain the general agreement to pay for services and expenses without naming any specific amount is certain and is enforcible. There is evidence to support a finding concerning the agreement to pay expenses incurred by appellee in connection with the paint job and that appellant agreed to pay appellee for the work done. Such finding is not against the great weight and preponderance of the evidence. In our opinion the provisions of the new contract were capable of being made certain in that the acts which were to constitute performance thereunder were expressed definitely enough to permit a determination of whether or not they were fulfilled according to the agreement. Appellee still had the burden to show that appellant had not paid according to the agreement. 17 C.J.S. Contracts § 36(2), p. 653.

■ Appellant's contention in its point number 6 that the court erred in entering judgment for plaintiff for attorney's fees is well taken. Plaintiff's cause of action as shown by the evidence and as found by the jury was based upon a special contract and does not come under the provisions of Article 2226, V.A.T.C.S. Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, 78; Guay v. Schneider, Bernet & Hickman, Inc., Tex.Civ.App., 341 S.W.2d 461, (Ref. N.R.E.), memorandum opinion by Supreme Court, 161 Tex. 560, 344 S.W.2d 429.

■ Special issue number 4 was the damage issue and inquired what sum of money "will reasonably compensate plaintiff Davis for the services performed and the expense incurred in connection with the paint job involved herein up to the time of the making of the agreement, if any, inquired about in special issue number 1."
In appellant's 7th point it is contended that the court erred in submitting special issue number 4 because it required "the jury to determine a figure which was allegedly the subject of an agreement." In our opinion appellant's point number 7 is well taken. Special issue number 1 inquired whether Ford Motor Company agreed to pay appellee "for the work done to date and the expense by him incurred." Special issue number 4 was conditioned upon an affirmative answer to special issue number 1 and inquired concerning the amount of money which would "reasonably compensate" appellee for the services performed and the expense incurred. The effect of the affirmative finding of the jury to special issue number 1 was not that appellant Ford Motor Company agreed to pay appellee a sum of money which would reasonably compensate him for the expenses incurred, but that appellee would be paid the amount expended. The contract, as alleged and as testified to by Davis, so far as expenses were concerned was that Ford would pay the expenses incurred. There was no pleading, evidence or finding that appellant agreed to pay a sum of money which would "reasonably compensate" appellee for the work done or expenses incurred. It is also noted that appellee did not allege that Ford Motor Company agreed in the new contract to pay "for the work done." There was testimony by Davis that Ford agreed to pay for "the work done." No objection was made by appellant to the submission of special issue number 1 on the ground that the inquiry concerning Ford's agreement to pay "for work done" had no basis in the pleadings. Under such circumstances the issue was tried by consent. However, the meaning of the term "work done" as used in the testimony of plaintiff and as found by the jury in answer to special issue number 1 appears ambiguous in that it does not specify the basis of payment. In 17 C.J.S. Contracts § 36(2) at page 659

it is stated: "[A] contract need not specify price since, if no price is stated, it will be presumed that a reasonable price was intended * * *." Although this principle of law is well settled, it is also true that an agreement between parties may exclude the assumption that a reasonable price was intended as the basis of payment for work done and indicate a different price or basis. In the instant case the work was done under the original contract and that contract provided a method of payment. The new contract was that appellee was to be paid for the "work done", which the undisputed evidence shows was done under the original contract. Under this evidence it is our opinion that the finding of the jury in answer to special issue number 1 contemplated that under the new contract Ford Motor Company would pay for the work done on the basis provided for in the original contract. Since special issue number 4 inquired about the reasonable value of services performed it was not in accord with the contract between the parties. Actually the evidence in respect to appellee's damages is not fully developed. An examination of the itemized claim presented by appellee at the time does not clarify the matter but only adds to the confusion. In this claim appellee listed as labor a total amount of $975.00, but it is not clear that such amount constituted the sum that appellee was entitled to receive under the original and the new contract for "work done." Appellee listed as expenses the items of anticipated profits and attorney's fees. Neither anticipated profits nor attorney's fees constitute expenses incurred or work done under the paint contract. The evidence in this connection as already indicated is not fully developed. There was evidence concerning the reasonable value of the services performed by appellee but no evidence that appellant agreed to pay according thereto. This evidence concerning reasonable value was admissible and material under appellee's pleadings which sought, in the alternative, to recover upon the basis of quantum meruit. Special issue number 5 based upon quantum meruit was conditionally submitted to the jury but since it was found that the parties had contracted concerning payment for work done and expenses, the jury upon instruction of the court failed to answer that special issue.

For the reasons stated the judgment is reversed and the cause is remanded.