**J. W. HOOKER, d/b/a West Texas Coffee & Equipment Company, Appellant,**

**v.**

**Wayne KIRK, d/b/a Wayne Kirk Plumbing & Heating Company, Appellee.**

**No. 4226.**

Court of Civil Appeals of Texas.

Waco.

May 14, 1964.

Jackson & Jackson, Abilene, for appellant.

William J. Gillespie, Lubbock, for appellee.

WILSON, Justice.

Appellee's action was upon a sworn account for merchandise furnished to appellant, supported by an affidavit as prescribed by Rule 185, Texas Rules of Civil Procedure. Appellant did not file a written denial under oath stating the claim was not just and true as required by that Rule.

His pleading, filed six days before trial, was a general denial, and a pleading in the nature of a third-party action alleging the merchandise included in the account "should be charged back against the third party defendant," and stating that appellant joined "the third party defendant for any and all sums adjudged against this defendant." The third-party action appears to have been abandoned.

Attached to appellant's answer was an affidavit by his wife reciting she had read the answer, and the contents thereof were true and correct "to the best of her knowledge and belief." The court sustained appellee's motion for judgment on the pleadings, and rendered judgment against appellant for the amount stated in the sworn account.

Appellant insists the court erred in refusing to allow him to file a trial amendment. The statement of facts reflects that appellant dictated to the court reporter a proposed "trial amendment," which would not have alleged, as required by Rule 185 of Rule 93(k), that the account was not just and true in whole or in part. The dictated pleading would have been an answer only to appellee's alternative counts for breach of contract and assumpsit. There is nothing in the record to show request for, or order denying the filing of this pleading. When it appeared the trial court was to hold the verification of the first amended original answer was insufficient, appellant argued that the verification was sufficient, stated it "came out of a form book," and asked for an opportunity to brief the question. "If it is not in line we would like to file a trial amendment on it." The court stated, "if you have something you want to give me right now, I'll be glad to look at it."

 Appellant further says the court should not have granted judgment on the pleadings because appellee failed to point out the defect in the form of the affidavit by special exception. If the affidavit had been on personal knowledge of the affiant, rather than to "the best of her knowledge and belief," appellant, nevertheless, did not file or tender a pleading which could constitute a denial that the claim was not just and true, or that any item or particular thereof was unjust as required by Rule 185. No exception to this failure was necessary. Yelton v. Bird Lime & Cement Co., Tex.Civ.App., 161 S.W.2d 353, 355, writ ref. w. m., and cases cited; Glasco v. Frazer, Tex.Civ.App., 225 S.W.2d 633, 635, writ dis.; Dyche v. Simmons, Tex.Civ. App., 264 S.W.2d 208, 215, writ ref. n. r. e. If any amendment now suggested by appellant had been filed, appellee's claim supported by the statutory affidavit would have been unchallenged, and the court would have been authorized, notwithstanding, to render judgment on the pleadings. Guay v. Schneider, Bernet & Hickman, Tex.Civ. App., 341 S.W.2d 461, 462, writ ref. n. r. e., 161 Tex. 560, 344 S.W.2d 429, 430. Affirmed.