**PINES CALIFORNIA, INC., Appellant,**

v.

**Hyman L. MILLER, Appellee.**

**No. 4298.**

Court of Civil Appeals of Texas.

Eastland.

June 27, 1969.

Rehearing Denied Aug. 22, 1969.

Wynne, Jaffe & Tinsley, W. Randolph Elliott, Dallas, for appellant.

Berman & Fichtner, Harold Berman, Dallas, for appellee.

WALTER, Justice.

Hyman L. Miller recovered a judgment for sales commissions under a written contract of employment against Pines California, Inc., and the defendant has appealed.

Miller was employed to sell ladies dresses and costumes and his territory covered ten States east of the Mississippi and south of the Ohio River.

The Sales Representative Agreement executed by the parties on April 22nd, 1965, contained the following provision in paragraph thirteen:

"This contract may be cancelled by either party upon thirty (30) days written notice to the other party, provided, however, that in no event shall any such notice of cancellation be effective until the end of the selling season during which said notice is given."

Pines received Miller's letter of resignation on May 21, 1966 which is as follows:

"May 18, 1966

Arthur Pines
Pines California, Inc.,
910 South Los Angeles St.,
Los Angeles, California.

This is to advise you, Arthur Pines, that I am resigning from Pines California effective immediately.

I will expect to receive credit for all goods that I have booked to this point, including merchandise booked in the California market.

Will you advise what disposition you want made with the pontiac car as you did in the past.

Very truly yours,

s/s H. L. Miller

H. L. MILLER."

Pines' reply to Miller's letter is as follows:

"May 21, 1966

Hyman L. Miller
3716 Vinecrest Drive
Dallas, Texas, 75229

Receipt is acknowledged, Mr. Miller ................................ of your letter dated May 18, 1966 in an envelope postmarked May 20, 1966.

Please deliver the Pontiac car to the Dallas office of Executive Car Leasing Company for termination of the lease as provided in paragraph 4e.

s/s Arthur Pines

Arthur Pines

CC/ Executive Car Leasing Company,
David Barr

Air Mail—Special Delivery."

———◆———

Arthur Pines president and chief executive officer of the defendant company testified that his company owed Miller $4,844.00 for commissions. The company did not pay him this amount because it contended Miller breached the contract in that he did not comply with quoted paragraph 13 of the contract when he resigned. The company contended that Miller did not give it thirty (30) days notice and that Miller resigned after the 1966 Fall selling season began.

Miller filed a trial amendment and asserted that if he did breach paragraph 13

of the written contract, Pines waived its rights and was estopped to complain about such breach. The jury found that Pines waived its rights under paragraph 13.

Appellant presents several points asserting the court erred in permitting the appellee to file such trial amendment, in submitting the waiver issue, and in overruling its motion to disregard the finding that it had waived its rights under paragraph 13 because there was no evidence to authorize its submission or support the finding of waiver.

■ The letter from Miller to Pines in which he terminated his employment and the letter from Pines to Miller instructing him to deliver the car to the Dallas office of Executive Car Leasing Company constitutes all the written evidence relating to Mr. Miller's resignation. The evidence shows that Miller had no further conversation with Pines. The only contact made, after the exchange of these letters, was with a Mr. Barr who was employed with Pines. Barr called Miller when he arrived in Dallas for the market and Miller informed him that he had submitted his resignation. Our Supreme Court in Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855 at page 865 said:

"The question of waiver is one of fact for the jury or the trier of the facts where it is a matter of inference. The plaintiffs pleaded waiver and estoppel as a defense and the burden of proof rests upon them to establish such issues by a preponderance of the evidence. A waiver takes place where one dispenses with the performance of something which he has a right to exact, and occurs where one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something, the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to rely upon it. 92 C.J.S.

Waiver p. 1061. Waiver, of course, is a matter or question of intention."

In the Praetorians v. Strickland, 66 S.W. 2d 686, (Tex.Com.App., 1933) the court said:

"The issue of waiver should be considered only in the light of what the association did. It alone had the power to waive, and its action alone could constitute a waiver. Equitable Life Assurance Soc. of United States v. Ellis, 105 Tex. [526] 538, 147 S.W. 1152, 152 S.W. 625; Sovereign Camp, W.O.W. v. Nigh (Tex. Civ.App.) 223 S.W. 291, 292; Sovereign Camp, W.O.W., v. Putnam (Tex.Civ. App.) 206 S.W. 970.

A waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right. Missouri, K. & T. R. Co. v. Hendricks, 49 Tex.Civ.App. 314, 108 S.W. 745, 749."

We find there was no evidence that Pines waived its rights under paragraph 13 of the contract.

In appellants first point, it asserts the court erred in permitting the plaintiff to file a trial amendment alleging waiver; in its second point it asserts the court erred in submitting waiver and in the third point asserts the court erred in overruling its motion to disregard the finding of waiver because there was no evidence to support it. We have sustained the point that there was no evidence to support the finding of waiver. In its fourth point appellant asserts the court erred in failing to enter judgment for it on its cross action in the sum of $8,625.00 as found by the jury in answer to issue number six which is as follows:

"SPECIAL ISSUE NO. 6:

What amount of money, if any, do you find from a preponderance of the evidence

that the defendant lost during the fall selling season as a result of plaintiff's termination of employment during the course of such selling season?

Answer in dollars, if any, and cents, if any.

ANSWER: $8,625.00,

In answering the foregoing special issue number 6, you are to include only the amount of net profits, if any, the defendant would have earned on the additional sales, if any, the plaintiff would have made had he worked to the end of the fall selling season. You are further instructed that the mere fact that there is uncertainty as to the amount of money which defendant lost during the fall season as a result of plaintiff's termination of employment during the course of such selling season, if you have so found, does not as a matter of law deny the defendant the right to recover such sum from the plaintiff. You shall find what sums, if any, the defendant lost by reason of the plaintiff's terminating his employment during the fall selling season, if you have so found, by determining this amount, if any, that can be ascertained with reasonable certainty from the competent evidence presented to you."

■ Appellant has briefed its first four points together and in its nine pages devoted to these points, it has not given point number four honorable mention. Pines pleaded that because Miller wrongfully terminated his employment contract, it suffered a loss of sales of approximately $100,000.00 and its profit on such an amount would amount to approximately $6,000.00. The appellee objected to the submission of issue number six and the instructions following the issue. The court overruled the objection, but refused to render judgment for Pines on its cross action. The jury answered that Pines lost $8,625.00 in net profits and it had asked for only "approximately $6,000.00." Important questions on pleadings, proof and proper method of submitting the question involved are raised by this point. The ap-

pellant has not briefed them and has cited no authorities in support of them. Points that are not briefed are waived. St. Paul Mercury Insurance Company v. Sugarland Industries, Inc., 406 S.W.2d 778 (Tex.Civ. App., 1966, writ ref. n. r e.).

■ Appellant contends the court erred in failing to make an express finding and enter judgment for it on its cross action (1) for the sum of $595.00 which Pines paid Mr. Charles G. Robbins to attend the Dallas Market in 1966 (2) for $659.13 for sample items retained by Miller and (3) for $800.00 which it expended in liquidating the obligation of Miller under an automobile lease agreement. Pines was the chief executive officer of the appellant corporation and he was the only witness who testified about the amount of money paid to Robbins. He was an interested witness. No issues were submitted and we find no request for the submission of any issues on the amount of money paid to Robbins. Therefore, the court did not err in failing to make an express finding on this matter. The court did not err in refusing to render judgment for appellant on its cross action for the value of the samples and the $800.00 item relating to the automobile lease for the reason that no request was made for the submission of issues on these matters. Rule 279 Texas Rules of Civil Procedure.

■ The jury answered that $2060.00 would be a reasonable attorney's fee for appellee's attorney for legal services in this case. Appellant objected to the submission of this issue for the reason that appellee's cause of action was founded on a special contract and attorney's fees are not permitted under Article 2226. We sustain this point.

Appellee alleged in his original petition that his cause of action arose "out of a contract" between him and the appellee. The evidence shows, without dispute, it was a written contract. He asked for damages in the amount of $8,000.00 against the appellee because it breached the contract

and failed to pay him commissions provided for therein. Appellee's cause of action was for breach of contract, therefore he is not entitled to attorney's fees as provided for in Article 2226 V.A.C.S. Ford Motor Company v. Davis Brothers, Inc., 369 S.W.2d 664 (Tex.Civ.App.1963, no writ).

The judgment is reformed by deleting therefrom $2060.00, the amount of the attorney's fees. As reformed, the judgment is affirmed.

## ON APPELLEE'S MOTION FOR REHEARING

Appellee has filed a motion for rehearing asserting the court erred in holding this is a suit for damages for breach of contract and that he is not entitled to attorneys' fees.

He says:

"Appellee does not argue with the court's finding that Article 2226, does not authorize the recovery of attorneys fees in actions founded upon a special contract. Appellee, however, does contend that this Honorable Court was in error in finding that this cause of action was founded upon a special contract and that therefore attorneys fees are not recoverable under the authority of Article 2226, R.C.S."

Corpus Juris Secundum Vol. 17, page 584, defines Special Contract as follows:

"Special Contract is one with peculiar provisions or stipulations not found in the ordinary contract relating to the same subject matter. These provisions are such as, if omitted from the ordinary contract, the law will never supply. A special contract may rest in parol, and the term does not require a contract by specialty. A special contract is always an express contract."

In McDonald v. Watkins, 353 S.W.2d 905, (no writ history), the court said:

"The 1883 court says that an open account results when some one or more elements of the contractual agreement between the parties remains open, that is, remains to be ascertained, whereas in a special contract situation all the terms of the contractual agreement are fixed and certain."

Appellee sued appellant for damages for breach of a written sales representative agreement containing twenty four paragraphs. We are of the opinion that his cause of action was based on a special contract and that he is not entitled to attorneys' fees.

The appellee's motion for rehearing is overruled.