**Robert K. EISENBECK, Appellant,**

**v.**

**James D. BUTTGEN, Appellee.**

**No. 17374.**

Court of Civil Appeals of Texas, Dallas.

Jan. 9, 1970.

Rehearing Denied Jan. 29, 1970.

A. B. Conant, Jr., Shank, Irwin, Conant & Williamson, Dallas, for appellant.

Howard V. Tygrett, Jr., Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

James D. Buttgen brought this action against Robert K. Eisenbeck alleging that on February 28, 1966 he went to work for Eisenbeck under an oral employment contract for an indefinite period of time at a stipulated salary and, in addition, "a guarantee of one-third (⅓rd) to one-half (½) of five per cent (5%) of the gross receipts of defendant's business." He alleged that the difference in the guaranteed percentage was based upon the fact of hiring several additional employees but that only one additional employee was hired, and therefore he was entitled to one-half of five per cent of the gross receipts. Buttgen contended that, following the termination of his employment on September 8, 1967, he demanded the percentage of gross profits alleged to have been due him but such was refused. He sought judgment for the amount of claimed percentages of gross receipts, together with attorney's fees.

Eisenbeck responded by contending that the oral contract was within the statute of frauds and therefore unenforceable; that the contract was too vague and indefinite; and that the parties had entered into an accord and satisfaction.

The case proceeded to trial before the court and a jury and, in response to special isues, the jury found: (1) that at the time Eisenbeck employed Buttgen he guaranteed that Buttgen would participate in the gross receipts of the business; (2) that the agreed percentage of gross receipts was "⅓ of 5%"; (3) that the gross receipts amounted to $49,007.41; and (4) that Eisenbeck had advanced Buttgen the sum of $372.24. Based upon this verdict the trial court, after overruling Eisenbeck's motion for judgment and to disregard certain special issue answers, rendered judgment in favor of Buttgen against Eisenbeck for the sum of $445 plus reasonable attorney's fees in the amount of $350, or a total sum of $795. From this judgment Eisenbeck appeals.

In his first point on appeal appellant contends that there is a fatal variance between the contract alleged and relied upon by appellee and the one found by the jury and utilized by the court in ren-

dering judgment against appellant. Appellant argues that appellee alleged a contract under which he was to receive one-half of five per cent of the gross receipts of appellant's business, such amount being alleged to be $1,325, and therefore cannot now be heard to say that he sought recovery based upon a contract which would entitle him to only one-third of five per cent of the gross receipts. While it is true that the authorities relied upon by appellant pronounce the well-settled rule of law that a plaintiff must recover, if at all, on the contract alleged, we find such authorities inapplicable to the factual situation here. While the burden is upon the one pleading a contract to prove the contract substantially as pleaded, every variance between the contract pleaded and the proof offered is not a fatal one. When appellee's pleadings are viewed in their entirety it is to be observed that he first pleads a contract calling for a guarantee of from one-third to one-half of five per cent of the gross receipts. He then attempts to plead facts which, he contends, would justify the larger amount. Testimony was introduced, without objection, relating to the different percentages within the scope of one-third to one-half of five per cent. We feel that the testimony introduced was within the scope of the pleadings so that the judgment was not based upon a fatal variance of pleading and proof. Moreover, appellant did not plead surprise in the lower court and there is no showing that he was prevented from properly preparing for trial. Ingram v. Gentry, 205 S.W.2d 673 (Tex.Civ.App., Waco 1947, no writ) ; Jefferson & N. W. Ry. Co. v. Dreeson, 43 Tex.Civ.App. 282, 96 S.W. 63 (1906, writ ref'd) ; Krueger v. Klinger, 10 Tex.Civ. App. 576, 30 S.W. 1087 (Tex.Civ.App., 1895) ; and Weisenberger v. Lone Star Gas Co., 257 S.W.2d 331 (Tex.Civ.App., Fort Worth 1953, writ dism'd). We believe that the pleadings in this case may reasonably be construed to afford support in the judgment rendered and therefore overrule appellant's point 1.

Contending that the oral contract was incapable of being performed within one year following the date of its inception, appellant insists that the same is void and unenforceable by virtue of the statute of frauds. The essence of appellant's argument is that the oral contract was made between the parties about the middle of February, 1966, or two weeks prior to appellee's going to work for appellant on February 28, 1966, and that the percentage of gross sales or "bonus" was to be paid "annually" which meant that such payment would not have been payable prior to February 28, 1967, a date one year and two weeks from the date of the agreement.

Art. 3995, Sec. 5, Vernon's Ann.Civ.St. of Texas, commonly referred to as our statute of frauds, provides that no action shall be brought upon an oral agreement which is not to be performed within the space of one year from the making thereof. We cannot agree with appellant that the facts apparent in this record bring the case within the provisions of this statute. The facts are undisputed that the contract between the parties was oral and consummated about the middle of February, 1966; that appellee actually went to work for appellant about February 28, 1966; that appellee was to receive a salary paid in semi-monthly installments plus a percentage of the gross receipts. While appellee testified that such "bonus" was to be paid annually he also said that such payment was to be made at Christmastime of the year. Appellant did not contradict this testimony. The "bonus" which would have been due at or near the end of the year 1966 was discussed by the parties but not paid by appellant to appellee. The contract contained no agreement concerning duration of employment so that it could have been terminated at any time by either party.

██ To invoke the prohibition of the statute of frauds it must appear that the agreement could not, by its terms or by the nature of the required performance, have

been performed within one year. 26 Tex. Jur.2d, § 32, pp. 192–193. "If completion or termination of performance within a year is a possibility and is consistent with the provisions of an agreement, the fact that the entire performance within that period is not required, or expected, will not bring an agreement within the statute." 26 Tex.Jur.2d, § 33, p. 195. Where no time is fixed by the parties for the performance of their agreement, and there is nothing in the agreement itself to show that it cannot be performed within a year according to its tenor and the understanding of the parties, the agreement is not within the statute under consideration. 49 Am.Jur., p. 388.

Our Supreme Court in Bratcher v. Dozier, 162 Tex. 319, 346 S.W.2d 795 (1961) said:

"We think that the question of whether this contract comes within the statute of frauds is a question of law, and that there were no issues to be submitted to the jury on the question of duration. The agreement in question is a simple contract of employment for an indefinite period of time. Generally, where no period of performance is stated in such contracts the statute is inapplicable."

We hold that appellant has not demonstrated that the contract could not have been performed within one year from its inception and therefore the statute of frauds is no bar to appellee's recovery. Appellant's point 2 is overruled.

The trial court submitted Special Issue No. 2 in such a manner as to inquire of the jury to find the per cent, if any, from a preponderance of the evidence that the plaintiff and defendant agreed that plaintiff would participate in the gross receipts. Appellant, in his third point of error, complains that such method of submission was erroneous in that it failed to place the burden of proof upon appellee. Such contention is without merit. Special Issue No. 1 asked the jury to find from a preponderance of the evidence that at the time Eisenbeck employed Buttgen that he guaranteed that Buttgen would participate in the gross receipts of the business. Conditioned upon an affirmative answer to this issue the court submitted Special Issue No. 2 inquiring as to the percentage agreed upon. We think that the trial court correctly placed the burden of proof upon appellee, in each instance, to obtain favorable findings based upon a preponderance of the evidence. Appellant's point 3 is overruled.

Appellant's point 4 complains of the refusal of the trial court to submit to the jury his requested special issue inquiring of the jury to determine whether the agreement between the parties was not one which could be performed within one year. The trial court correctly refused such request. As stated above in our discussion of appellant's point 2, the Supreme Court, in Bratcher v. Dozier, 162 Tex. 319, 346 S.W.2d 795 (1961), held that the question of the application of the statute of frauds was one of law and not of fact. The facts in this case are undisputed and the trial court correctly applied the facts to conclude that the statute of frauds was inapplicable.

Appellant's fifth point of error presents the question of his defense of accord and satisfaction. Appellant contends that the evidence clearly raises the issue and that the trial court erred in refusing to submit to the jury his requested issues inquiring whether the parties had agreed upon an amount due appellee as bonus; the exact amount agreed upon; and whether the amount agreed upon was tendered to appellee and refused.

The testimony reveals that at the time appellee terminated his employment with appellant the parties had a discussion concerning the amount due appellee under the agreement. Appellee testified that in this discussion he demanded that Mr. Eisenbeck compute the amount due him at that time; and Eisenbeck told him that he thought the figure was about $700. Appellant testified that the discussion concerning "bonus" was held at the time of appellee's severance and

that he told Buttgen that he thought the bonus was $705. He said that Buttgen did not make any complaint about that figure. Following the conversation appellant sent appellee a letter on November 22, 1967 in which he enclosed a check for $214.26. Said letter included the following itemization:

| | |
|---|---|
| "Bonus as previously discussed | $705.00 |
| Additional Bonus | 82.80 |
| Total Bonus | $787.80 |
| Withholding Tax | –166.64 |
| Social Security Tax | – 34.66 |
| Net | $586.50 |
| Less cash advances | –372.24 |
| Net this check | $214.26." |

Upon receipt of the letter appellee did not respond thereto but turned it over to his attorney who did return the check to appellant.

In the light of the undisputed record before us we are convinced that appellant failed to carry his burden of proving the necessary elements of accord and satisfaction. Our Supreme Court in the very recent case of Jenkins v. Henry C. Beck Company, 449 S.W.2d 454 (November 29, 1969), considered the question of proof of essential elements of the defense of accord and satisfaction. The court said:

"The burden was upon Beck as the movant for summary judgment to conclusively establish the affirmative defense of accord and satisfaction. This defense rests upon a new contract, express or implied, in which the parties agree to the discharge of the existing obligation by means of the lesser payment tendered and accepted. Industrial Life Insurance Company v. Finley, 382 S.W.2d 100 (Tex.Sup. 1964). The evidence must establish an assent of the parties to an agreement that the amount paid by the debtor to the creditor was in full satisfaction of the entire claim. McCarty v. Humphrey, 261 S.W. 1015 (Tex.Com.App. 1924, judgment adopted). The minds must meet and where resting in implication the facts proved must irresistibly point to such conclusion. Simms Oil Co. v. American Refining Co., 288 S.W. 163 (Tex.Com.App. 1926). There must be an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. It has been said that the conditions must be made plain, definite and certain, Clay v. Rossi, 62 Idaho 140, 108 P.2d 506 (1940); that the statement accompanying the tender of a sum less than the contract price must be so clear, full and explicit that it is not susceptible to any other interpretation, Sanders v. Standard Wheel Co., 151 Ky. 257, 151 S.W. 674 (1912); that the offer must be accompanied with acts and declarations which the creditor is 'bound to understand,' Preston v. Grant, 34 Vt. 201 (1861); Crucible Steel Co. v. Premier Mfg. Co., 94 Conn. 652, 110 A. 52 (1920)."

While it is clear that the parties were in dispute concerning the exact amount of the percentage of gross profits due appellee upon the termination of his employment, yet we cannot say that the proof offered by appellant is so clear and convincing as to leave no doubt but that appellant's tender amounted to an unmistakable communication to appellee that if he accepted such sum it would constitute satisfaction of a basic obligation. While appellee remained silent when appellant computed a figure we do not construe such silence as acquies-

cence or agreement on his part. This is fortified by the fact that the letter conveying the check for a much lesser amount ·is couched in complex language which cannot be said to meet the law in regard to proof of accord and satisfaction. Accordingly, we hold that the trial court was correct in declining to give the requested special issues. Appellant's point 5 is overruled.

In his sixth point of error appellant contends that the trial court erred in rendering judgment for appellee's attorney's fees because such award is not authorized by statute or by the alleged contract between the parties. We sustain this point.

It has long been the law in Texas that unless provided for by statute or contract between the parties, attorney's fees incurred by a party to litigation are not recoverable either in an action in tort or on contract. Van Hoose v. Moore, 441 S.W.2d 597, 619 (Tex.Civ.App., Amarillo 1969, writ ref'd n. r. e.) ; Turner v. Turner, 385 S.W.2d 230 (Tex.Sup: 1965). Art. 2226, V.A.C.S., permits the recovery of attorney's fees in suits founded upon a claim for personal services rendered, labor done, and material furnished, etc. Our Supreme Court, on several occasions, has said that such statute, being penal in character, is to be strictly construed. Perry v. Leuttich, 132 Tex. 159, 121 S.W.2d 332, 333 (1938) ; Van Zandt v. Fort Worth Press, 359 S.W.2d 893, 895 (Tex.Sup. 1962).

It has been judicially determined that such statute has no application to a suit based on special contract between the parties. Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, 78 (1958) ; Guay v. Schneider, Bernet & Hickman, Inc., 341 S.W.2d 461 (Tex.Civ.App., Waco 1960, writ ref'd, memorandum opinion by Sup.Ct., 161 Tex. 560, 344 S.W.2d 429) ; Ford Motor Co. v. Davis Brothers, Inc., 369 S.W.2d 664 (Tex.Civ.App., Eastland 1963) ; and Roby Industries, Inc. v. Maxwell Electronics Corp., 409 S.W.2d 559 (Tex.Civ.App., Dallas 1966, writ ref'd n. r. e.).

It is quite obvious from a reading of appellee's petition that he did not sue to recover payment for services rendered within Art. 2226, V.A.C.S., but brought his action solely to recover for breach of a contract concerning payment of a percentage of gross earnings of a business. Appellee makes no contention concerning payment of adequate salary or wages for the services he performed. It is undisputed that such salary or wages have been fully paid. The jury found that a special contract had been entered into between the parties and it was upon this contract that the trial court awarded basic damages. However, the record is entirely silent concerning any agreement between the parties regarding the payment of attorney's fees relative to this special contract. As pointed out by the court in the very recent case of Pines California, Inc. v. Miller, 446 S.W.2d 91 (Tex.Civ.App., Eastland 1969), a "special contract" is one with peculiar provisions or stipulations not found in the ordinary contract relating to the same subject matter and such provisions are such as, if omitted from the ordinary contract, the law will never supply. Certainly it cannot be contended that the law would supply the terms and provisions of the agreement sued upon by appellee herein. Accordingly, we hold that attorney's fees are not properly recoverable and the trial court erred in awarding same to appellee.

Appellant's remaining points, 7 and 8, have been carefully considered and found to be without merit and the same are overruled.

The judgment of the trial court is reformed by deleting therefrom the sum of $350, the amount of attorney's fees and, as reformed, is affirmed.

Affirmed, as reformed.