Louis ROMANO, Appellant,

v.

DEMPSEY–TEGELER & CO., INC., Appellee.

No. 1213.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 28, 1976.

Rehearings Denied Sept. 8, 1976.

William Emerson Wright, Wright & Tondre, Houston, for appellant.

J. Eugene Clements, Sewell, Junell & Riggs, Houston, for appellee.

COULSON, Justice.

Louis Romano brought suit against Dempsey-Tegeler & Co., Inc., a securities broker, for conversion of bonds in his margin account. Dempsey-Tegeler filed a counterclaim against Romano on the margin account for the debt accruing thereunder. After a jury trial, the court entered judgment non obstante veredicto that Romano take nothing from Dempsey-Tegeler and that Dempsey-Tegeler recover on its counter-claim against Romano. We reverse and remand.

Romano filed suit against Dempsey-Tegeler on August 8, 1969 for failing to transfer his margin account and the bonds therein to Eastman-Dillon, another securities broker. Romano pled that Dempsey-Tegeler breached its agreement to transfer his margin account and that Dempsey-Tegeler converted the securities in his margin account. Dempsey-Tegeler filed its coun-

terclaim against Romano on March 24, 1972 for debt accruing on Romano's margin account transactions.

On August 26, 1974 trial commenced before a jury which returned a verdict on September 5, 1974. The jury found that Dempsey-Tegeler wilfully converted the L.T.V. bonds of Romano on January 9, 1970; that the fair market value of the bonds on the date of the conversion was $163,000.00; and, that on the date of conversion Romano's debt owing on the bonds was $146,423.96. Furthermore, the jury found that Romano's transactions with Dempsey-Tegeler did not give rise to an indebtedness owed by Romano to Dempsey-Tegeler. On January 10, 1975 judgment non obstante veredicto was entered that Romano take nothing from Dempsey-Tegeler and that Dempsey-Tegeler recover $68,-155.13, together with interest, and $9,200.00 for attorney's fees from Romano.

■ To sustain a judgment non obstante veredicto there must be no evidence of probative force upon which the jury could have made its findings. *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194, 199 (1952). A judgment non obstante veredicto may be entered if a directed verdict would have been proper. Tex.R.Civ.P. 301.

■ The evidence adduced at trial was sufficient to support the jury's finding of conversion, which is defined as an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel. Restatement (Second) of Torts § 222A.(1) (1965). Because Romano was having problems with Dempsey-Tegeler's handling of his account, Romano obtained an agreement, evidenced by letter dated April 3, 1969, from Dempsey-Tegeler to transfer his margin account. There was evidence adduced that in 1969 such transfers were customarily accomplished by securities brokers within five to ten days. The account was never transferred. The evidence showed that Dempsey-Tegeler had rehypothecated Romano's bonds and that their policy was to stall the transfer of margin accounts by making it "extremely difficult to transfer" them. This is some evidence of intentional acts of dominion over Romano's bonds that seriously interfered with his right of control over them.

■ However, there is no evidence to support the jury finding that the conversion occurred on January 9, 1970. The proper measure of damages for conversion of chattels which fluctuate widely in value is the highest intermediate value (with interest accruing therewith) between the date of the conversion and the filing of the plaintiff's suit, or the trial where the suit is promptly tried after filing. *Security State Bank of Tahoka v. Spinnler,* 78 S.W.2d 275 (Tex.Civ. App.-Amarillo 1935, no writ). Here, trial was not had until over five years after the filing of the suit, therefore the proper measure of damages must be determined as of some date between the date of conversion and the filing of plaintiff's suit. Romano's suit was filed on August 8, 1969 and the jury found conversion on January 9, 1970. This finding is not supported by any evidence and will not support a proper measure of damages because the date found by the jury does not fall within the time from the date of the conversion to the filing of plaintiff's suit. Nonetheless, there was evidence of a conversion and an instructed verdict would not have been proper, therefore entry of the judgment non obstante veredicto was error.

■ Furthermore, the theory of breach of contract was pled and evidence introduced in support thereof. The trial court refused to submit proper special issues prepared, tendered and requested by Romano on the theory of breach of contract to transfer his margin account. This constitutes reversible error. Tex.R.Civ.P. 279.

■ Turning to Dempsey-Tegeler's counterclaim for debts arising by reason of Romano's margin account, we are faced with consideration of this counterclaim as a sworn account under Rule 185 of the Texas Rules of Civil Procedure. It is apparent that Dempsey-Tegeler's counterclaim is

based on a written margin account with Romano and that the four year statute of limitations applies. Moreover, a margin account will support suit on a sworn account. *Guay v. Schneider, Bernay & Hickman, Inc.,* 341 S.W.2d 461 (Tex.Civ. App.-Waco 1960, writ ref'd n.r.e.).

If Romano's account was converted by Dempsey-Tegeler, then Dempsey-Tegeler could not sue for debts arising after the date of the conversion and arising out of the converted securities.

We have considered all points of error and reply points. Those not granted herein are overruled.

Reversed and remanded.