**Opinion filed February 27, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00074-CV
_____

## IN THE INTEREST OF J.R.D. AND A.M.D., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 40,124-C**

## M E M O R A N D U M   O P I N I O N

This appeal involves the geographic residence restriction that limited where the minor children of Martin and Gloria Diaz could live following Martin and Gloria's divorce. Their divorce decree provided that the children were required to reside in Taylor or contiguous counties unless the court ordered otherwise or Martin and Gloria filed with the court a signed agreement that lifted the restriction.

The children had their primary residence with Gloria, who moved them from Abilene to Colorado without filing a written agreement that Martin had consented to the move or securing a court order that she could move the children. In response, Martin brought a post-divorce motion for enforcement of the geographic restriction, which sought to hold Gloria in contempt and order the return of the

children to Abilene. The trial court denied Martin's motion after a "de novo" hearing. Martin appeals. We dismiss.

I. *The Evidence at De Novo Hearing*

The record showed that Gloria and Martin were divorced in 2008. In their decree of divorce, the trial court ordered that no change in the children's residence was allowed without court approval of a written agreement, signed by Gloria and Martin, that lifted the restriction. In the alternative, the court also ordered that the geographic restriction could be lifted if, at the time of Gloria's request to the court to lift the restriction, Martin no longer resided in Taylor or its contiguous counties.

On July 7, 2010, Gloria moved to lift the geographic restriction, but the trial court denied her request in February 2011. Later during that summer, Gloria and Martin, who was a teacher in Abilene, discussed whether he should apply for a teaching position in the Midland-Odessa area. Martin testified that Gloria indicated she and the children might move there.

Martin accepted a ten-month teaching job in Odessa for the 2011–2012 school year. He continued to maintain a home in Abilene but also rented an efficiency apartment in Odessa; during the time that he worked as a teacher in Odessa, he stayed in both places. On September 1, 2011, after Martin had accepted the Odessa teaching position, Gloria, without his permission, moved the children to Colorado. The record does not reflect that, following her 2010 request, but prior to this move to Colorado, Gloria had again moved the court to lift the geographic restriction or filed an agreement that Martin consented to the move.

Martin moved for criminal and civil contempt against Gloria and requested that the trial court (1) jail and fine her for contempt because she took the children to Colorado without approval by him or the court, (2) jail and fine her for contempt because she prevented his visits with his children in September and October, and (3) order her to return the children to Abilene.

2

The trial court referred the matter to Associate Judge Charles E. "Ed" Myers, who heard the motion in November and initially held Gloria in contempt and ordered the children returned to Abilene. But Judge Myers later rescinded that order and recommended denial of Martin's motion; Judge Myers explained that Gloria had not violated the restriction because Martin was no longer a Taylor County resident. Martin appealed Judge Myers's recommendation and requested a de novo hearing in the district court.

At the de novo hearing on November 29, 2011, Martin testified he had filed the motion because Gloria had moved the children to Colorado without court approval and had not allowed him visitation in September and October. Martin also testified that he resided in Abilene when Gloria moved the children to Colorado, although he briefly worked in Odessa and lived there part of the time. Gloria admitted she took the children to Colorado and denied Martin his visits, but she claimed she did so because he no longer resided in Abilene. Gloria testified she had returned to Abilene after being served and had returned the children to Abilene before the final hearing. Gloria also testified that she had an apartment in Abilene, that the children were enrolled in Abilene schools, and that she and her husband were employed in Abilene.

On December 7, 2011, the trial court denied Martin's motion and ruled that "the evidence does not support a finding of contempt." In the trial court's written order, it stated, "IT IS ORDERED that the relief sought is denied."

## II. *Issue Presented*

Martin contends in his appeal that the evidence is "factually insufficient to support the Court's finding that Appellant, Martin Diaz, was not a resident of Taylor County, Texas, when Appellee moved the children out of state." Gloria argues that the trial court did not err because Martin was no longer a resident of Taylor County when she moved the children to Colorado.

### III. *Discussion and Analysis*

The trial did not make findings of fact in its order, which simply denied Martin's request to hold Gloria in contempt. On appeal, Martin cannot challenge the trial court's order that Gloria was not in contempt. *Norman v. Norman*, 692 S.W.2d 655 (Tex. 1985); *In re B.A.C.*, 144 S.W.3d 8, 10–11 (Tex. App.—Waco 2004, no pet.).

In addition, Martin's requested relief of the children's return became "moot" when Gloria returned the children to Abilene. An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy. *In re H&R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.), and *Tex. Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied)). In other words, an issue is moot when the controversy ceases to exist, and courts have no jurisdiction to issue advisory opinions under the Texas constitution. *Ngo v. Ngo*, 133 S.W.3d 688, 691 (Tex. App.—Corpus Christi 2003, no pet.) (citing *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000)).

Martin also failed to present a justiciable controversy on the issue of his residency because the trial court never made a finding of fact that Martin was not a resident of Taylor County, Texas, when Gloria moved the children to Colorado in September 2011. This court is not allowed to issue advisory opinions that decide abstract questions of law that do not resolve litigation and are not binding on the parties. TEXAS CONST. art. II, § 1; *Valley Baptist Med. Ctr.*, 33 S.W.3d at 822.

Finally, Martin complained in his motion for new trial that the trial court failed to rule on the denied visitation issue. But he did not brief that issue to this court, and points not briefed are waived. TEX. R. APP. P. 38.1(f); *Pines Cal., Inc. v.*

4

*Miller*, 446 S.W.2d 91, 94 (Tex. Civ. App.—Eastland 1969, no writ) (citing *St. Paul Mercury Ins. Co. v. Sugarland Indus., Inc.*, 406 S.W.2d 778 (Tex. Civ. App.—Eastland 1966, writ ref. n.r.e.)). Likewise, although mentioned in Martin's brief, the subsequent December 2011 move of the children by Gloria[1] was not an issue before the trial court in the final hearing, and it is not before us.[2]

## IV. *This Court's Ruling*

We hold that we are without jurisdiction to review the trial court's order of "no contempt" and that Martin has failed to present a justiciable issue for our review. Therefore, we dismiss the appeal.

MIKE WILLSON

JUSTICE

February 27, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[1]There is no reference in the record that the December 2011 move was agreed to by Martin or approved by court order.

[2]We note that a person entitled to possession of a child may pursue appropriate enforcement relief through a habeas corpus proceeding. *See* TEX. FAM. CODE ANN. § 157.372 (West 2008).

5